UNITED STATES of America

v.

Mutulu SHAKUR, a/k/a "Doc," a/k/a "Jeral Wayne Williams," Sekou Odinga, a/k/a "Nathaniel Burns," a/k/a "Mgabasi," a/k/a "Mugubasi," a/k/a "Eddie Holmes," a/k/a "Lou," Cecil Ferguson, a/k/a "Mo," a/k/a "Chui," Edward Lawrence Joseph, a/k/a "Edward Lawrence," a/k/a "Jamal," a/k/a "Tony," a/k/a "J.R.," William Johnson, a/k/a "Bilal Sunni-Ali," a/k/a "Spirit," Silvia Baraldini, a/k/a "Louise," Susan Rosenberg, a/k/a "Elizabeth," Cheri Dalton, a/k/a "Nahanda," Iliana Robinson, a/k/a "Naomi," Nilse Cobeo, a/k/a "Nilse Lawrence," a/k/a "Ginger," a/k/a "Gigi," a/k/a "Giovanni Correa," and Alan Berkman, Defendants.

No. SSS 82 Cr. 0312 (KTD).

United States District Court, S.D. New York.

March 31, 1983.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for the Government; Robert S. Litt, Stacey J. Moritz, Asst. U.S. Attys., New York City, of counsel.

Chokwe Lumumba, Detroit, Mich., Lynn Stewart, New York City, for defendant William Johnson.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

The defendant Bilal Sunni-Ali moves to suppress all evidence seized from 8810 Morrison Road, New Orleans, Louisiana and from a 1973 Ford Station Wagon and from a 1979 GMC Van both located at Gallman, Mississippi. All this evidence was seized pursuant to warrant issued by the appropriate United States District Courts in Louisiana and Mississippi. In support of this motion the defendant has submitted only an affidavit of his counsel which at best is hearsay.[1]

■ The government admits that the defendant owned the 1973 Ford Station Wagon which is actually registered to Bilal Sunni-Ali, but the government disputes the assertion of the defendant's "ownership of or leasehold interest in the vehicles and residence in question." Affidavit of Lynne Stewart at ¶ 6. Clearly there is no affida-

---

1. The cant statement "All information in this Affidavit is either personally known to me or else is recited on information and belief", (Affidavit of Lynne Stewart at ¶ 3), contained in the affidavit is not given face value when no allega-tions continued thereafter are designated as being on "information and belief." To do otherwise would be to ascribe to counsel the attribute of omniscience—something which is only said of the divinity.

vit based on personal knowledge that the defendant had any right to or legitimate expectation of privacy in the premises searched. Absent such a first hand showing there is no legal basis for the greater part of this motion nor is there a need for a hearing. *See Rakas v. Illinois,* 439 U.S. 128, 134, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978); *United States v. Saint Prix,* 672 F.2d 1077, 1082 (2d Cir.), *cert. denied,* —— U.S. ——, 102 S.Ct. 2274, 73 L.Ed.2d 1287 (1982); *United States v. Gillette,* 383 F.2d 843, 848 (2d Cir.1967); *United States v. Gomez,* 495 F.Supp. 992, 996 n. 1 (S.D.N.Y.1979), *aff'd,* 633 F.2d 999 (2d Cir.1980), *cert. denied,* 450 U.S. 994, 101 S.Ct. 1695, 68 L.Ed.2d 194 (1981).

It is unnecessary, however, to base this decision upon the lack of a first person affidavit from Sunni-Ali since it is obvious that the suppression requested cannot properly be granted.

■ The first ground on which the defendant attacks the warrants is that they are based in part on the "fruit of the poisoned tree." Affidavit of Lynne Stewart at ¶¶ 7–15. Sunni-Ali claims that the evidence giving probable cause for the searches in question was obtained from illegal searches in East Orange, New Jersey and Mount Vernon, New York. It is unnecessary to determine whether the searches in either East Orange or Mount Vernon were in fact improper. The defendant lacks standing to attack these searches or the fruits thereof. *Alderman v. United States,* 394 U.S. 165, 171–72, 89 S.Ct. 961, 965, 22 L.Ed.2d 176 (1969); *United States v. Tortorello,* 533 F.2d 809, 814 (2d Cir.), *cert. denied,* 429 U.S. 894, 97 S.Ct. 254, 50 L.Ed.2d 177 (1976).

■ The defendant next contends that the affidavits submitted in the applications for the search warrants did not set forth probable cause. Sunni-Ali challenges the use of the words "terrorist" and "terrorist organization" and reference to "prior investigations." Affidavit of Lynne Stewart at ¶¶ 17, 18, 20, 21, 23, 24. "(There is no explanation of the nature of the prior investigation nor is there a definition, in law enforcement terms of the word 'terrorist.')"

*Id.* at ¶ 17. This is really much ado about nothing. Words used in a search warrant application must be given common sense meaning in the context in which they are used. *United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 745, 13 L.Ed.2d 684 (1965).

"Terrorist" has developed a common sense meaning in the context of this case as is clear from the search warrant. The warrants seek evidence of organizations aligned to the October 20th incident that included a bank robbery, the killing of a Brinks guard, and two police officers. The warrant also seeks evidence of the whereabouts of two federal fugitives—Marilyn Buck and Joanne Chesimard—who are alleged members of the Black Liberation Army ("BLA") and who are evidentiarily connected with the October 20th events.

The probable cause foundation for the issuance of search warrants for the residence at 8810 Morrison Road, New Orleans, Louisiana, and a 1979 GMC Van and a 1973 Ford Station Wagon located in Gallman, Mississippi is set forth in FBI Agent Cordier's affidavits. On October 21, 1981 the FBI searched a Mount Vernon, New York apartment rented to Carol Durant, a/k/a Marilyn Buck. A car registered in Carol Durant's name was used in the Brinks' robbery. Cordier Affidavit at ¶ 4. The search of the apartment revealed, *inter alia,* a bloody mattress, bloody clothing, ammunition, a fingerprint of Sunni-Ali and the telephone number of Lois Johnson, Sunni-Ali's mother. *Id.* The Superintendent of the Mount Vernon apartment building identified both Sunni-Ali and his wife, Fulani N. Sunni-Ali, a/k/a Cynthia Boston, as two of the individuals who were emptying the apartment of its contents into a tan Van shortly before execution of the search warrant and one day after the Brinks' robbery. *Id.* at ¶¶ 6, 7. Also identified were Marilyn Buck, Samuel Smith and Donald Weems. Buck remains a fugitive. Weems is a federal fugitive and Smith was killed two days later on October 23, 1981 in a shootout with the police. *Id.* at ¶¶ 8, 9.

 

FBI investigation uncovered that the Sunni-Alis reside at 8810 Morrison Road, New Orleans, Louisiana and that a tan/brown Van had been spotted at this address on numerous occasions. *Id.* at ¶ 12. The Van was not spotted at these premises between October 19 and October 23, 1981. *Id.* at ¶ 13. Mrs. Sunni-Ali was later seen loading some contents of this house into a 1973 Ford Station Wagon registered to Sunni-Ali and then driving towards Gallman, Mississippi. *Id.* at ¶ 17. Lamumba Shakur, a former husband of Chesimard and an alleged BLA member was also spotted at 8810 Morrison Road.

■ The above facts constitute sufficient probable cause for the search warrants to issue. Sunni-Ali's contention that there are innocent explanations for some of the facts underlying the probable cause determination is unavailing. *See United States v. Todisco,* 667 F.2d 255, 258 (2d Cir.1981), *cert. denied,* 455 U.S. 906, 102 S.Ct. 1250, 71 L.Ed.2d 444 (1982). The evidence, as presented to the issuing Magistrate, connects Sunni-Ali and his wife to the Brinks' robbery and to the BLA. Therefore, there was probable cause to believe that evidence of either the October 20th events or plans, meetings, and/or participants in organizations connected with the October 20th incidents would be found in the residence or automobiles in question.

■ Last, the defendant argues that the warrants were overbroad and amounted to no more than general warrants. A warrant that allows unbridled discretion violates the Fourth Amendment. *Coolidge v. New Hampshire,* 403 U.S. 443, 467, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971). For example, Sunni-Ali alleges that the law enforcement officials executing the search took the "children's birth certificates and pictures as well as a Malcolm X tee shirt." Affidavit of Lynne Stewart at ¶ 29. The government has agreed to return these items upon a proper showing. The warrants themselves were appropriate and do not constitute general warrants.

In sum, there is no basis whatsoever for this suppression motion by Bilal Sunni-Ali and it is accordingly denied.

SO ORDERED.