In this case, the appellant, Titus L. Jones, appeals from a conviction and sentence imposed in the Clark County Court of Common Pleas. Jones contends that the trial court erred by failing to grant his motion to vacate a guilty plea before sentencing. He also contends that the court erred by refusing to permit his trial counsel to withdraw before a hearing was held on motion to vacate and, as a result, his attorney rendered ineffective assistance in support of the motion. Finally, he claims that the court erred by not determining whether he understood the degree of the felony charged. We, however, do not see that the trial court abused its discretion in denying the motions. Moreover, the record does not show that Jones's counsel gave him ineffective assistance. Nor does it show that the trial court failed to comply with Crim.R. 11. Accordingly, we affirm.
 I.
On March 24, 1997, the grand jury indicted Jones on one count of Rape, in violation of R.C. 2907.02, in connection with an incident involving an adult woman. Jones later entered into a plea agreement with prosecutors in which he agreed to plead guilty to the lesser charge of Gross Sexual Imposition under R.C. 2907.05, a fourth degree felony. In return, the prosecutors agreed to recommend a community control sanction. As the defendant had no prior criminal record, after disposition of the plea, the trial court sentenced Jones to one year of community control, noting that violation could result in a prison term of up to eighteen months.
While still under community control, Jones was again indicted, this time for one count of Disseminating Matter Harmful to a Minor, in Case No. 97-CR-507, and one count of Use of a Minor in Nudity Oriented Material and one count of Corrupting a Minor, in Case No. 97-CR-482. The incident underlying these indictments involved a young woman, fifteen years old, who was staying at Jones's house. On the day set for trial, Jones reached another plea agreement with prosecutors. In accordance with the agreement, Jones pleaded guilty to one count of Disseminating Obscene Matter Harmful to a Minor, in violation of 2097.31(A)(1), a felony of the fifth degree. In return, the two other charges, one a first degree felony and the other a fourth degree felony, were dropped. The court conducted a Crim.R. 11 colloquy with Jones to determine that the plea was voluntary. During that colloquy the court informed Jones that his guilty plea could result in revocation of his community control status and imposition of prison sentence. Jones indicated that he was aware of that fact. Thus, the court accepted the plea and postponed sentencing Jones while a presentence investigation was conducted.
During the interim, Jones apparently had a falling out with his attorneys. Among other points of disagreement, Jones told his attorneys that he wished to file a motion to withdraw his guilty plea, something that his attorneys opposed. Three days before the sentencing hearing, Jones's attorneys filed a motion to withdraw as counsel citing both the mandatory and elective withdrawal provisions of the Code of Professional Responsibility, D.R. 2-110(B)-(C). They also prepared a motion for Jones to withdraw his plea pro se. However, that motion was not filed with the court until the day of the sentencing hearing.
On the day of the sentencing hearing, the trial court heard counsel's motion to withdraw. The trial court granted the motion, but only after the disposition hearing was complete. Jones's attorney was required to represent him during sentencing and for the motions pending that day.
In regard to the plea withdrawal, Jones informed the court that he could prove an affirmative defense for the crime to which he pleaded guilty. He said that he found a copy of a driver's license given to him by the minor involved showing that she was over eighteen. Although Jones's attorney told the court that he had not seen the license before, Jones maintained that he had shown it to his attorneys before entering his plea. The court gave Jones the opportunity to take the stand and give evidence as to why his guilty plea should be withdrawn. Following the advice of his attorney, however, Jones declined to take the stand. No other evidence was given at the hearing. The motion to withdraw the plea was filed with a copy of the driver's license attached as an exhibit, and the court denied the motion.
Jones received the maximum sentence applicable to his offense, twelve months imprisonment. The court also revoked his community control status for his earlier offense and imposed the maximum sentence of eighteen months to run consecutive with his twelve-month sentence. New state-appointed counsel represented Jones at the revocation hearing. At a separate hearing, Jones was classified a habitual sex offender subject to the registration provisions of R.C. 2950.10 and 2950.11.
 II.
In his first assignment of error, Jones asserts :
 THE COURT COMMITTED PREJUDICIAL ERROR BY GRANTING THE MOTION OF TRIAL COUNSEL TO WITHDRAW WHEN THE ATTORNEY STATED HE COULD NO LONGER ZEALOUSLY ADVOCATE FOR APPELLANT, AND WHEN THE COURT DIRECTED COUNSEL TO PROCEED UNTIL AFTER THE SENTENCING AND DISPOSITION.
In support of this assignment, Jones argues that the court abused its discretion in refusing to permit his attorney to withdraw.
Jones concedes that the standard of review applicable to the denial of an attorney's motion to withdraw is one of an abuse of discretion. See State v. Gallo (Nov. 24, 1986), Stark App. No. CA-6808, at 3. Under the Code of Professional Responsibility, even the mandatory withdrawal provisions are contingent upon the attorney requesting the court's permission according to the local rules. See D.R. 2-110(B); Loc.R. 1.31 (I)(B) of the Montgomery County Common Pleas Court; State v. Marinchek (1983), 9 Ohio App.3d 22.
It is axiomatic that a criminal defendant enjoys a right to counsel under both the Sixth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution.State v. Milligan (1988), 40 Ohio St.3d 341, paragraph one of the syllabus. That right, however, does not always mean that the defendant may have counsel of his own choosing. Neither does it mean that a defendant is entitled to counsel with whom he has a rapport or with whom he can develop a meaningful lawyer-client relationship. State v. Henness (1997), 79 Ohio St.3d 53, 65. It is necessary only that counsel be able to render effective assistance. Id. at 67.
A trial court must sometimes balance the defendant's right to counsel of his choice with the public's interest in prompt, effective, and efficient, administration of the law. SeeMarinchek, 9 Ohio App.3d at 23; Gallo, supra. For the court to grant the attorney's motion on the day of the sentencing hearing in this case, it would have been required to grant a continuance. Trial courts exercise broad discretion in deciding whether to grant continuances for a change of counsel. Morris v. Slappy
(1983), 461 U.S. 1, 11, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610;State v. Powell (1990), 49 Ohio St.3d 255, 259. Understandably, courts tend to disapprove of requests to change counsel in the "eleventh hour." See Gallo, supra, citing United States v.Todisco (C.A.2, 1981), 667 F.2d 255, 262, certiorari denied (1982), 455 U.S. 906.
Here, the motion to withdraw as counsel came three days before the sentencing hearing. The court, moreover, was not made aware of defendant's desire to withdraw his plea until the hearing itself. Under the circumstances, it was not unreasonable to require Jones's attorney to stay on until after the sentence was imposed. As the trial court noted, present counsel was the best prepared and most conversant with facts of the case at the time. Thus, we conclude that the trial court did not abuse its discretion in delaying permission for Jones's attorney to withdraw.
Our conclusion finds support in a number of procedurally similar cases where criminal defendants sought new counsel before attempting to withdraw their guilty pleas. In each case, the motion was denied and the judgment of the trial court was affirmed. See, e.g., State v. Penrod (Oct. 13, 1998), Muskingum App. No. CT97-0044, unreported, at 2 (Defendant's attorney was not granted leave to withdraw until after motion to withdraw a guilty plea was heard.); State v. Stufflebean (June 18, 1998), Athens App. No. 97 CA 40, unreported, at 5; State v. Gallo, supra; Statev. Resar (Dec. 8, 1982), Medina App. No. 1183, unreported, at 2.
We are aware of one Ohio case where a trial court denied defense counsel's motion to withdraw between the plea and the sentence and the reviewing court found an abuse of discretion:State v. Marinchek (1983), 9 Ohio App.3d 22, 23-24. That case, however, is readily distinguishable. In Marinchek, defense counsel made an informal request to withdraw almost two weeks before the scheduled sentencing hearing. New counsel, furthermore, had already been retained. Id. at 22. Nevertheless, the trial court chose to advance the sentencing hearing peremptorily by two weeks thereby preventing any attempt by counsel to withdraw by formal motion. Id. In vacating the sentence, the court of appeals concluded that there was no compelling reason to advance the hearing. Thus, permitting the motion would not have substantially delayed the administration of justice, and the trial court abused its discretion by refusing to hear the motion. Id. at 24.
In the instant case, in contrast, the trial court, responding to an eleventh hour request, merely delayed granting the motion until the business before the court that day was completed. Unlike in Marinchek, granting the motion before sentencing in Jones's case would likely have resulted in a substantial delay. Under these circumstances, we cannot find an abuse of discretion. Appellant's first assignment of error, therefore, is overruled.
 III.
We will consider Jones's third assignment of error next. Therein, he asserts:
 THE COURT COMMITTED PREJUDICIAL ERROR BY DENYING THE DEFENDANT'S MOTION TO WITHDRAW PLEA WHEN IT APPEARED THE DEFENDANT COULD PRESENT EVIDENCE TO SUPPORT AN AFFIRMATIVE DEFENSE AND WHERE IT APPEARS THE DEFENDANT WAS NOT AWARE OF THE OFFENSE CHARGED.
Here, Jones argues that the trial court should have accepted his motion to withdraw his guilty plea before sentencing. Jones claims that he had evidence, which he discovered after his plea, that might prove an affirmative defense to the crime and that he did not understand the degree of the offense to which he pleaded guilty.
At trial, Jones informed the court that he had a copy of a driver's license belonging to the young woman to whom he was accused of disseminating harmful material. He explained that his own research indicated that this identification might be an affirmative defense to the crime. He also explained that he intended originally to plead to a fourth degree felony, presumably to the charge of Corruption of a Minor in violation of R.C. 2907.04, which was dropped as part of the plea bargain. Thus, he claimed, he was confused by the plea to the fifth degree felony.
The trial court gave Jones the opportunity to take the stand and present evidence as to why his plea should be withdrawn. After seeking advice from his attorney, however, Jones chose not to do so. After hearing argument from the prosecution, the court overruled the motion.
Crim.R. 32.1 provides a means by which defendants may withdraw their pleas of guilt or no contest before sentencing. The rule in Ohio is that a pre-sentence motion to withdraw a guilty plea should be freely and liberally granted. State v. Xie
(1992), 62 Ohio St.3d 521, 527. Nevertheless, there is no absolute right to withdraw a guilty plea, and the decision to grant or deny the motion is within the sound discretion of the trial court. Id. at paragraphs one and two of the syllabus. Accordingly, we review the decision for an abuse of discretion.Id. at 527. We will find such an abuse of discretion only if the court's ruling was "unreasonable, arbitrary or unconscionable."Id., quoting State v. Adams (1980), 62 Ohio St.2d 151, 157.
In the syllabus to State v. Peterseim (1980), 68 Ohio App.2d 211, the Cuyahoga County Court of Appeals noted four factors to consider in determining whether a trial court abused its discretion in denying a motion to withdraw a plea: (1) whether the accused was represented by competent counsel (2) whether he was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) whether he was given a an impartial hearing on the motion to withdraw, and (4) whether the court gave full and fair consideration to the plea withdrawal request. Other courts have considered additional factors, such as (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal, (7) whether the accused understood the nature of the charges and possible penalties, and (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges. State v. Fish (1995),104 Ohio App.3d 236, 240.
In this regard, we note that Jones had competent counsel to assist him during the plea negotiations, and he indicated his satisfaction with counsel during the Criminal Rule 11 colloquy when he entered his plea. The trial court, furthermore, granted Jones the opportunity for a full evidentiary hearing on the withdrawal motion, but Jones did not take the stand or put on any other evidence. Then, the court explained its reasons for denying the motion, noting that state's witnesses were called for trial and then released, as was a jury. The court also noted that there was nothing to suggest that Jones was misled about the penalties he faced either before or after the plea. Finally, the court stated that the motion, coming so late in the day, had the appearance of Jones "playing a game with the court." Thus, the court denied the motion. Our analysis reveals that most of the factors listed above weighed against Jones's motion. Jones, however, relies particularly on the last two factors mentioned in the Fish opinion: that he had a complete defense to the charge and that he did not understand the nature of the charge at the time of his plea.
We note, however, that "to withdraw the plea before sentencing, the defendant must still have a legitimate basis for withdrawal." State v. Kordelewski (Mar. 8, 1996), Montgomery App. No. 15425, unreported. Jones failed to prove any legitimate basis for withdrawal when he refused to take the stand and explain either his confusion at the time of the plea or the merits of his affirmative defense. Consequently, we could not find an abuse of discretion in the trial court's denial of the motion. On this ground alone, the assignment of error must be overruled.
In any event, the bases for withdrawal that Jones suggests on appeal appear of themselves to be inadequate. First, Jones argues that the court unreasonably disregarded the possibility that he had a defense to the charge of Disseminating Material Harmful to a Minor. In fact, however, the identification that Jones mentioned would not have supported an affirmative defense. As noted previously, Jones pleaded guilty to a fifth degree felony. A crime in violation of R.C. 2907.31 is only a fifth degree felony if obscene material is involved. The relevant subsection of that statute states:
 (D) Whoever violates this section is guilty of disseminating matter harmful to juveniles. If the material or performance involved is harmful to juveniles, except as otherwise provided in this division, a violation of this section is a misdemeanor of the first degree. If the material or performance involved is obscene, except as otherwise provided in this division, a violation of this section is a felony of the fifth degree. If the material or performance involved is obscene and the juvenile to whom it is sold, delivered, furnished, disseminated, provided, exhibited, rented, or presented, the juvenile to whom the offer is made or who is the subject of the agreement, or the juvenile who is allowed to review, peruse, or view it is under thirteen years of age, violation of this section is a felony of the fourth degree. [Emphasis added.]
 Where obscene material is involved, the possibility that a minor misrepresented her age through fake identification is not an affirmative defense. The relevant subsections provide as follows:
 (B) The following are affirmative defenses to a charge under this section that involves material or a performance that is harmful to juveniles but not obscene:
* * *
 (3) The juvenile exhibited to the defendant or to the defendant's agent or employee a draft card, driver's license, birth record, marriage license, or other official or apparently official document purporting to show that the juvenile was eighteen years of age or over or married, and the person to whom that document was exhibited did not otherwise have reasonable cause to believe that the juvenile was under the age of eighteen and unmarried.
(C) * * *
 (2) Except as provided in division (B)(3) of this section, mistake of age is not a defense to a charge under this section. [Emphasis added.]
 As these subsections state, the affirmative defense in question is only available to those charged with the misdemeanor offense. Furthermore, if Jones had not pleaded guilty to the dissemination charge, then he would have faced two other more serious felony charges for which the victim's fake identification was not an affirmative defense. Thus, we do not see that Jones's suggestion of an affirmative defense provided a compelling reason for the court to allow the plea withdrawal.
It may be that Jones intended to use the identification to show that the young woman was an adult — something he does not suggest in his appellate brief. If, in fact, she was an adult, the state may have been unable to prove an essential element of each of the charges against Jones. Nevertheless, it seems extraordinarily unlikely that police, prosecutors, and defense counsel all were mistaken about such an important fact regarding the state's chief witness. To make out a legitimate reason for withdrawing the plea on this basis, Jones certainly had to put on some evidence toward that end. As noted above, he did not do so.
Jones also argues that there was confusion over the degree of the felony to which he pleaded. As a strict matter, it is not clear from the record that, at the withdrawal hearing, Jones showed confusion over the degree of the crime for which he was charged or surprise at being permitted to plead guilty to the least serious offense charged. In presenting the motion, Jones suggested that he intended to plead guilty to a fourth degree felony, but pleaded guilty to the fifth degree felony instead. Nevertheless, when he entered his plea, the trial court made certain that Jones understood the nature of the offense to which he was pleading and the maximum penalty, if not the felony classification. As to whether Jones misconceived that his offense was a fourth degree felony instead of a fifth degree felony, that fact would also not provide a compelling reason to permit the plea withdrawal.
Without any evidence of a legitimate reason to permit Jones to withdraw his guilty plea, the trial court did not err in denying the motion to withdraw. Accordingly, we overrule appellant's third assignment of error.
 III.
Jones raises as his second assignment of error the following:
 APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL EXPRESSED HE COULD NOT ZEALOUSLY REPRESENT APPELLANT, AND WHEN COUNSEL PLAYED ONLY A PASSIVE ROLE IN THE HEARING.
With this assignment of error, Jones argues that his trial counsel failed to provide effective assistance in advancing the motion to withdraw his guilty plea.
At the sentencing hearing, Jones's attorney argued that he was not able to zealously represent Jones any longer. The attorney informed the court that he did not agree with his client's decision to withdraw his plea. Jones argues that his attorney's position during the hearing demonstrated ineffective assistance. He also argues that his attorney played a passive role during the hearing on the motion and was, as a consequence, ineffective.
The case authorities hold, however, that a trial court has discretion in deciding whether to grant a continuance for new trial counsel to be appointed. Morris v. Slappy (1983),461 U.S. 1, 11, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610. Implicit in that holding is the determination that the accused's right to effective assistance is not violated unless the court's decision not to grant a continuance is unreasonable or arbitrary. See State v.Stufflebean (June 18, 1998), Athens App. No. 97 CA 40, unreported, at 5; State v. Gallo (Nov. 24, 1986), Stark App. No. CA-6808, unreported, at 3. As already noted, there is no constitutional requirement that a defendant have a rapport with his attorney.State v. Henness (1997), 79 Ohio St.3d 53, 65. We also note that, in some cases, criminal defendants have been required to present their withdrawal motions without benefit of counsel, and courts have not found a Sixth Amendment violation. See, e.g.,Stufflebean, supra. Here, in contrast, Jones actually had assistance of counsel. See State v. Penrod (Oct. 13, 1998), Muskingum App. No. CT97-0044, unreported (rejecting appellant'sSixth Amendment claim where trial counsel was not permitted to withdraw until after the defendant's plea withdrawal motion was heard).
To show ineffective assistance of counsel a criminal defendant must prove two things. First, he must prove that trial counsel's performance "fell below an objective standard of reasonable representation." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, following Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Second, he must prove that the deficient performance prejudiced his defense, in that a reasonable probability exists that, but for counsel's errors, the result of the trial would have been different. Id. at paragraph three of the syllabus. On this record, we find that Jones can show neither.
Jones's attorney had to argue two motions before the court on March 19, 1998: his motion to withdraw as attorney and Jones's motion to withdraw his plea. In strongly expressing to the court his view that a plea withdrawal would be mistake, Jones's trial counsel was effectively advancing the first motion. That fact did not render him unable to advance the second, and we see no deficiency of performance in that regard.
Furthermore, contrary to Jones's assertion, his attorney played more than a passive role in connection with Jones's plea withdrawal motion. The attorney's advice caused Jones not to take the stand and explain why the plea should be withdrawn. The fact that Jones did not put on any evidence in support of his motion was a pivotal event underlying the trial court's denial of the motion. In this regardm, we are unable to find that counsel's advice constituted deficient performance. There are a number of reasons that an attorney might advise his client not to take the witness stand. Perhaps Jones's attorney was saving him from a further charge of perjury. See State v. Morgan (Nov. 21, 1995), Franklin App. No. 95APA03-382, unreported, at 3. In any event, in Ohio there is a presumption that a registered attorney acts competently. State v. Thompson (1987), 33 Ohio St.3d 1, 10. Lacking any indication in the record that his attorney's advice to Jones was improper, we cannot find deficient performance therein. If there is evidence outside the record, the claim of ineffective assistance can only be considered fully in a post-conviction relief proceeding. See State v. Gibson (1980), 69 Ohio App.2d 91,95.
On this record, furthermore, it does not appear that Jones had any legitimate basis for withdrawing his plea. Without such a basis there is no reason to suppose that the court would have granted the motion but for some error of trial counsel. Accordingly, we cannot find that Jones suffered any prejudice as a result of trial counsel's performance.
Because we find neither deficient performance of trial counsel nor any consequent prejudice, we overrule appellant's second assignment of error.
 V.
Jones raises as his fourth assignment of error the following:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DID NOT ADVISE THE DEFENDANT OF THE DEGREE AND NATURE OF THE OFFENSE AT THE TIME THE PLEA WAS ENTERED, CONTRARY TO THE DICTATES OF CRIMINAL RULE 11c THUS CAUSING DEFENDANT TO NOT MAKE A KNOWING, VOLUNTARY AND INTELLIGENT WAIVER OF HIS RIGHTS.
At the plea hearing, the trial court asked Jones if he understood that he was pleading guilty to the charge of Disseminating Matter Harmful to a Juvenile and that he faced a maximum penalty of twelve months in prison and a fine of $2,500. Jones replied that he understood. Shortly after accepting the plea, the court asked if both parties agreed that the crime was a fifth degree felony. Both the prosecutor and the defense counsel said that they did. The court then concluded the proceeding. Within a minute, however, the court resumed the proceeding to inquire of the defendant if he understood the effect that a guilty plea would have on his community control status. Jones then informed the court that he understood.
Jones now argues that the court's failure to directly address him about the felony classification of his crime was reversible error in violation of Crim.R. 11. We disagree. Crim.R. 11 (2)(a) requires the court to determine that the defendant understands the nature of the charge and the maximum penalty involved. The court properly made that determination. It is not required under Crim.R. 11 that the defendant be informed of the degree of his felony. See State v. Harris (Oct. 28, 1993), Cuyahoga App. 63924, unreported. Furthermore, Jones was aware that the crime to which he pleaded guilty was a fifth degree felony because that fact was announced in the plea agreement that he signed. In addition, the trial court announced the degree of the crime at the plea hearing, and Jones had ample opportunity to object if, in fact, he was under a misimpression. Under the circumstances, we find that the trial court at least met the standard of substantial compliance with Crim.R. 11. See State v. Nero (1990), 56 Ohio St.3d 106,108.
Appellant's fourth assignment of error is, therefore, overruled.
 VI.
Having overruled each of appellant's four assignments of error, we affirm his conviction and sentence.
Judgment affirmed.
WOLFF, J., and FAIN, J., concur.