**Jerry WORD, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 85 Civ. 6246 (MP).**

United States District Court, S.D. New York.

Aug. 27, 1985.

 

---

**13.** Counsel shall endeavor to stipulate and file a form of judgment consistent herewith as soon  as practicable.

Jerry Word, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. by Franklin H. Stone, Asst. U.S. Atty., New York City, for United States.

OPINION

MILTON POLLACK, Senior District Judge:

Jerry Word, *pro se*, moves, pursuant to 28 U.S.C. § 2255, to vacate and set aside his sentences, primarily on the ground that he was tried within 30 days of a superseding indictment, allegedly in violation of 18 U.S.C. § 3161(c)(2) of the Speedy Trial Act. For the reasons set forth below, petitioner's motion will be denied.

On September 8, 1982, petitioner was arrested while attempting to purchase heroin from a government agent. On September, 16, 1982, the Grand Jury indicted petitioner on one count of conspiracy to possess heroin with intent to distribute, in violation of 21 U.S.C. § 846; the indictment specified seven overt acts in furtherence of a conspiracy which extended from August 1, 1982, through September 7, 1982. The Grand Jury also indicted Word on one count of attempted possession of one kilogram of heroin with intent to distribute, also in violation of § 846. On November 4, 1982, the government filed a superseding indictment, enlarging the conspiracy, alleging that it commenced on May 1, 1981, and adding three overt acts. The November 4th superseding indictment re-indicted Word on the attempted possession charge.

Trial on the superseding indictment began on November 29, 1982; on December 1, 1982, the jury returned a verdict of guilty on both the conspiracy and attempt counts. The Court sentenced Word to concurrent 15-year prison terms on each count, a $50,000 fine on each count, and ten years of special parole on the attempt count. The Court of Appeals affirmed. *See United States v. Word*, 742 F.2d 1444 (2d Cir.1983). Subsequently, petitioner filed a *pro se* § 2255 motion with this Court, raising numerous grounds to vacate his convictions. The Court denied the petition and the Court of Appeals affirmed. *See Word v. United States*, 762 F.2d 991 (2d Cir.1985).

At the time of the petitioner's arrest on September 8, 1982, petitioner filed an affidavit, professing financial inability to retain counsel. On September 8, 1982, counsel was appointed to represent petitioner. On November 28, 1982, the day before the trial was scheduled, the Court received a letter from Wilfred Rice, who claimed that "effective 11–23–82" Word's family had retained him to represent Word. Rice requested a three week adjournment for trial preparation and to accomodate "prior commitments." The Court refused to adjourn a trial date which had been set for two months. Word went to trial, on November 29, with his court-appointed attorney.

■ Word now claims that the Court violated his Sixth Amendment right to effective assistance of counsel by denying the three week continuance and denying petitioner counsel of his choice. However, petitioner raised these claims on direct appeal and the Court of Appeals rejected them, holding,

"The decision whether to grant a continuance is committed to the sound discretion of the trial judge ... and the denial of the continuance in the circumstances of this case was a proper exercise of that discretion ... [Furthermore, Word's]

contention that appointed counsel was forced upon him since he could afford to retain counsel is frivolous. Counsel was appointed upon Word's sworn representation that he had no assets with which to retain an attorney."

Since Word had a full and fair opportunity to litigate these claims on appeal, he is barred from relitigating them on this motion. *See Chin v. United States*, 622 F.2d 1090 (2d Cir.1980), *cert. denied*, 450 U.S. 923, 101 S.Ct. 1375, 67 L.Ed.2d 353 (1981).

Petitioner also claims that the Court's refusal to grant a continuance violated 18 U.S.C. § 3161(c)(2). That section provides in pertinent part:

"Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se."

Petitioner claims that the Court erred in commencing the trial within thirty days of the superseding indictment. Petitioner did not raise this issue at trial or on appeal, although, ironically, he did argue that the government took *too long* in bringing him to trial, in violation of 18 U.S.C. § 3161(c)(1). Both this Court and the Court of Appeals rejected that argument.

■ Petitioner has waived his right to press the § 3161(c)(2) claim on this motion by not raising it at trial. A claim under § 3161(c)(2) may be raised only upon motion of the defendant before or at trial. *See* 18 U.S.C. § 3162(a)(2) ("If a defendant is not brought to trial within the time limit required by section 3161(c) ... the information or indictment shall be dismissed on *motion* of the defendant") (emphasis added).

Furthermore, there is no reason to depart from the usual rule that petitioner waives a claim unless it has been presented at trial, absent "cause" excusing the procedural default and "actual prejudice" resulting from the default. *See United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). *Cf. United*

*States v. Samples*, 713 F.2d 298 (7th Cir. 1983) (failure to raise a claim under 18 U.S.C. § 3161(d)(1); waives claim). *But see United States v. Daly*, 716 F.2d 1499 (9th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1456, 79 L.Ed.2d 773 (1984). Petitioner has not alleged *any* cause for failing to raise the issue, especially in light of the fact that petitioner did raise the § 3161(c)(1) claim at trial. Similarly, petitioner has not alleged that the error "worked to his *actual* and substantial disadvantage." *Frady*, 456 U.S. at 170, 102 S.Ct. at 1596 (emphasis in the original).

In any event, petitioner's contentions fail on the merits. Petitioner urges this Court to adopt the *per se* rule, accepted by the Ninth Circuit in *United States v. Harris*, 724 F.2d 1452 (9th Cir.1984), "guaranteeing that the defendant is not forced to trial less than thirty days from the date on which the defendant first appears *on the indictment on which the defendant ultimately goes to trial.*" *Id.* at 1455 (emphasis in the original). *See also United States v. Daly*, 716 F.2d 1499, 1506 (9th Cir.1983) ("section 3161(c)(2) essentially establishes that any pretrial preparation period shorter than 30 days is inadequate *per se.*"), *cert. denied*, —— U.S. ——, 104 S.Ct. 1456, 79 L.Ed.2d 773 (1984).

However, the Second Circuit, in *United States v. Guzman*, 754 F.2d 482 (2d Cir. 1985), *petition for cert. filed*, 53 U.S.L.W. 3856 (U.S. Apr. 9, 1985) (No. 84–1604), expressly rejected the Ninth Circuit's *per se* rule. The Court said, "[W]e read the Speedy Trial Act, 18 U.S.C. § 3161(c), as not divesting a district court of its discretion to grant or refuse a continuance, where this discretion is exercised in keeping with the policies underlying specific provisions of the Act." *Id.* at 486. *See also United States v. Todisco*, 667 F.2d 255, 260 (2d Cir.1981), *cert. denied*, 455 U.S. 906, 102 S.Ct. 1250, 71 L.Ed.2d 444 (1982).

In *Guzman*, a superseding indictment was filed, one day before trial, realleging a count of possession of cocaine, and expanding the conspiracy from two days to two

years. The Court upheld the possession conviction because the charge in the superseding indictment was simply a reallegation of the earlier indictment and the defendant had ample time to prepare for it. However, the Court reversed the conspiracy conviction because defendant's lawyer had claimed, at trial, that he needed more than one day to adduce additional evidence and formulate a new theory.

Recently, the Eleventh Circuit, in *United States v. Hawkins*, 765 F.2d 1482 (11th Cir.1985), also rejected a *per se* rule. In *Hawkins*, the Court upheld a defendant's conviction on conspiracy to obstruct justice, even though a superseding indictment, filed 24 days before trial, added an overt act, namely that defendant obstructed the FBI in addition to the Grand Jury. The Court held that § 3161(c)(2) "does not forbid the government's reshaping of its case, but merely guarantees to defendants a minimum time in which to prepare against whatever charges the government ultimately makes at the trial." *Id.* at 1488. *See also United States v. Gallo*, 763 F.2d 1504 (6th Cir.1985). *See generally* Committee on the Administration of Criminal Law of the Judicial Conference of the United States, *Guidelines to the Administration of the Speedy Trial Act of 1974, as Amended* 15 (1984) ("In the opinion of the Committee, the period does not begin to run anew when the superseding indictments are filed in circumstances in which the seventy-day time limit is determined by reference to the original indictment or information").

The Legislative History of the Speedy Trial Act also makes clear that district courts have discretion in granting continuances under § 3161(c)(2) and may refuse continuances which would result in unwarranted delays in commencing the trial. The 1979 Senate Report explains that § 3161(c)(2) "assures the defendant some minimal time to prepare.... [T]he Committee wishes to stress that this minimum-preparation time guarantee is not to be construed to permit the defendant to delay unduly the trial date, especially where permissible excludable delay is found." A.

Partridge, *Legislative History of Title I of the Speedy Trial Act of 1974* 73–74 (Fed. Judicial Center 1980). *Cf. United States v. Darby*, 744 F.2d 1508, 1520 n. 5 (11th Cir. 1984) (rejecting an interpretation of § 3161(c)(2) which "would enable defendants to postpone their prosecutions by simply changing lawyers or by retaining lawyers only for limited purposes prior to trial").

■ Word's counsel had 25 days between the time of the superseding indictment and trial to prepare. The superseding indictment realleged the same conspiracy, although it expanded the time frame and added three overt acts. Word's counsel, a capable and experienced defense lawyer, never requested additional time to research or prepare. There is no intimation that an additional five days was needed for defendant's counsel to prepare. In fact, counsel, at Word's insistence, brought a motion pursuant to § 3161(c)(1), to dismiss the indictment because the Government allegedly took *too much* time in bringing the defendant to trial. Petitioner had ample time to prepare his defense to the conspiracy charge and certainly was not prejudiced by being brought to trial 25 days after the superseding indictment was rendered.

Petitioner clearly cannot claim that § 3161(c)(2) was violated when he was brought to trial on November 29th on the attempted possession count. That count was charged originally in the September 16th indictment and was realleged, in its entirety and without any additions, in the superseding indictment. There was ample evidence to support the conviction. Therefore, even if the sentence for conspiracy would have to be vacated, the conviction, concurrent 15-year prison sentence, and 10 years of special parole on the attempt count would still remain. *See Guzman*, 754 F.2d at 482; *Gallo*, 763 F.2d at 1524.

Petitioner's next claim, that failure to comply with § 3161(c)(2) constitutes a violation of the Fifth and Sixth Amendment, is

clearly frivolous; § 3161(c)(2) is a statutory, not a constitutional defense.

 After petitioner submitted this motion and accompanying brief, he filed a "supplemental brief," raising yet another ground for vacating his sentences. The Court will address petitioner's latest frivolous argument now, instead of on a third § 2255 motion. Petitioner claims that the full grand jury did not consider the superseding indictment of November 4, 1982, but that the foreman ratified it as a true bill, allegedly in violation of Rule 6(f), Fed. R.Crim.P., and the Fifth Amendment.

The Court puts aside the issue of whether petitioner waived the right to object to the indictment on collateral attack, *compare United States v. Macklin*, 523 F.2d 193 (2d Cir.1975) (jurisdictional objection to indictment handed down by a grand jury whose term had been improperly extended), *with Gaither v. United States*, 413 F.2d 1061 (D.C.Cir.1969) (no jurisdictional objection to an indictment ratified only by foreman after presentment to the entire grand jury), to address the frivolous argument petitioner now makes. In a sworn affidavit, the Assistant United States Attorney states that the grand jury's foreman and secretary signed an entry in the grand jury records, attesting that 22 grand jurors voted for a true bill on the superseding indictment on November 4, 1984. Petitioner has not presented any contrary facts, let alone a sworn affidavit, tending to show that only the foreman, and not the entire grand jury, ratified the superseding indictment. "[A] judge is well within his discretion in denying a petition when the supporting affidavit is insufficient on its face to warrant a hearing." *Dalli v. United States*, 491 F.2d 758, 760 (2d Cir.1974). *See also Williams v. United States*, 503 F.2d 995 (2d Cir.1974).

*Conclusion*

Accordingly, petitioner's motion is denied in all respects.

SO ORDERED.