**Jerry WORD, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 85 Civ. 6246 (MP).**

United States District Court, S.D. New York.

Oct. 3, 1985.

Jerry Word, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. by Franklin H. Stone, Asst. U.S. Atty., New York City, for U.S.

MILTON POLLACK, Senior District Judge:

## DECISION

Jerry Word, *pro se,* moves this Court, under Federal Rule of Civil Procedure 60(b), to reconsider its previous decision denying Word's motion to vacate and set aside his sentences under 28 U.S.C. § 2255 (1982). For the reasons stated in this Court's prior opinion, as amplified below, Word's motion for reconsideration is denied.

The facts underlying this motion are set forth in greater detail in this Court's prior opinion, dated August 27, 1985, 616 F.Supp. 695, and familiarity with them is assumed. The relevant facts will be summarized only briefly below.

On December 1, 1982, a jury found Word guilty of both one count of conspiracy to possess heroin with intent to distribute and one count of attempted possession of one kilogram of heroin with intent to distribute, both prohibited by 21 U.S.C. § 846 (1982). This Court sentenced Word to concurrent fifteen-year prison terms on each count, a $50,000 fine on each count, and ten years of special parole on the attempt count. The Second Circuit affirmed the conviction. *United States v. Word,* 742 F.2d 1444 (2d Cir.1983).

The grand jury indictment upon which the conviction was based was a superseding indictment, filed November 4, 1982. It was identical to the initial indictment, filed September 16, 1982, regarding the attempted possession charge. Regarding the conspiracy charge, however, the superseding indictment expanded the scope of the conspiracy by specifying ten rather than seven overt acts and by enlarging the time frame from slightly more than one month to slightly more than one year and four months. Trial on the superseding indictment began on November 29, 1982. Based on Word's September 8, 1982 affidavit pro-

fessing financial inability to retain counsel, counsel was promptly appointed to represent Word throughout these proceedings.

On August 27, 1985, this Court denied Word's most recent *pro se* § 2255 motion. This Court first rejected Word's claim that its refusal to allow a three week continuance on the eve of trial so that Word could change counsel violated his Sixth Amendment right to effective assistance of counsel, on the grounds that the claim had been raised and rejected by the Second Circuit on direct appeal.

Next, this Court rejected, on several independent grounds, Word's claim that commencing the trial within thirty days of the superseding indictment violated the Speedy Trial Act, particularly 18 U.S.C. § 3161(c)(2) (1982). First, this Court held that Word waived his claim by not raising it at trial, especially since Word argued at trial that the Government took *too long* in bringing him to trial, allegedly in violation of 18 U.S.C. § 3161(c)(1) (1982). Even if not waived, this Court held, second, that the thirty day limit in § 3161(c)(2) is not inflexible. The twenty-five days Word's counsel had to prepare, between the time of the superseding indictment and trial, was sufficient given that the superseding indictment realleged the same conspiracy, albeit with an expanded time frame and three additional overt acts, and given that Word's capable and experienced defense lawyer never requested additional time to research or prepare. Even if this conspiracy count is defective, however, this Court held, third, that the attempted possession count, realleged in the superseding indictment in its entirety without any additions, still stands. Thus, even if the sentence for conspiracy would have to be vacated, the conviction, the concurrent fifteen-year prison sentence, and the ten years of special parole on the attempt count would still remain.

Finally, this Court rejected Word's claim that the superseding indictment is defective since not considered by the full grand jury. Although recognizing a substantial question concerning Word's waiver of this claim by not raising it at trial or on direct appeal, this Court held that Word's claim was insufficient to raise a genuine factual issue because of his failure to present *any* facts supporting his claim, let alone a sworn affidavit of anyone, including himself, purporting to have knowledge of those proceedings. In addition, the Assistant United States Attorney submitted a sworn affidavit stating that the grand jury's foreman and secretary signed an entry in the grand jury records, attesting that twenty-two grand jurors voted a true bill on the superseding indictment on November 4, 1982.

This motion for reconsideration was received by the Pro Se Clerk's Office in the Southern District of New York on September 13, 1985. Word's affidavit in support of his motion was subscribed and sworn before the notary on September 6, 1985. The judgment being challenged was entered on August 27, 1985.[1]

## DISCUSSION

 A motion filed within ten days of the entry of judgment questioning the correctness of this Court's prior decision should be construed as a motion for reconsideration under Federal Rule of Civil Procedure 59(e), regardless of its characterization as a Rule 60(b) motion. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 41 (2d Cir.1982); *see Browder v. Director, Department of Corrections*, 434 U.S. 257, 261 n. 5, 98 S.Ct. 556, 559 n. 5, 54 L.Ed.2d 521 (1978) (habeas corpus case). Construing Word's motion as a Rule 59(e) motion will preserve his right to appeal the merits of his claims, if notice of appeal is timely filed from this decision. *See* Rule 11, 28 U.S.C.

---

1. This Court considers the motion timely under Rules 6(a) [new version effective August 1, 1985] and (e), Fed.R.Civ.P. *Cf. Afran Transport Co. v. S/T Maria Venizelos*, 450 F.Supp. 621, 623 n. 2 (E.D.Pa.1978) (Fed.R.Civ.P. 52(b)). To be safe, however, if Word intends to appeal this

decision, he should calculate the sixty-day time within which a notice of appeal must be filed for actions in which the United States is a party from August 27, 1985, not from the date of this decision. *See* Rule 4(a), Fed.R.App.P.

foll. § 2255; Fed.R.App.P. 4(a); *see generally United States v. Whitford,* 758 F.2d 329 (8th Cir.1985) (discussing time limits for appeal in a § 2255 case). Appellate review of Rule 60(b) motions is governed by an abuse of discretion standard and, therefore, the correctness of the underlying judgment may not be reached. *Browder,* 434 U.S. at 263 & n. 7, 98 S.Ct. at 560 & n. 7; *Nestle Co. v. Chester's Market, Inc.,* 756 F.2d 280, 282 (2d Cir.1985).

Word's motion for reconsideration is denied for the reasons stated in this Court's prior opinion, dated August 27, 1985. Only two points raised by Word merit further discussion.

First, Word argues that this Court incorrectly denied his claim challenging the superseding grand jury indictment without first granting an evidentiary hearing. *See* Rule 8, 28 U.S.C. foll. § 2255 (1982). When there is an inconclusive factual record, he continues, the court may not deny a § 2255 motion solely on the basis of government affidavits without first conducting an evidentiary hearing. To search for facts supporting his claim, Word requests that the grand jury minutes be produced,[2] at public expense,[3] and that he be allowed other related discovery. *See* Rule 6, 28 U.S.C. foll. § 2255 (1982).

Although Word is correct in claiming that, *when there is a genuine factual dispute,* a court may not resolve that dispute solely on the basis of contradicting government affidavits without first conducting an evidentiary hearing, *see Taylor v. United States,* 487 F.2d 307 (2d Cir.1973) (per curiam), Word has not carried his initial burden of demonstrating a genuine factual issue. *See Newfield v. United States,* 565 F.2d 203, 207 (2d Cir. 1977) (A § 2255 motion "does not entitle petitioner automatically to a hearing.").

The First Circuit confronted a claim identical to the one Word now makes and held that the district court need not conduct an evidentiary hearing based on "such a fishing expedition." *DeVincent v. United States,* 632 F.2d 145, 146 (1st Cir.), *cert. denied,* 449 U.S. 1038, 101 S.Ct. 618, 66 L.Ed.2d 501 (1980).[4] The court stated that "[o]nce it appeared from DeVincent's affidavit that he lacked proof of his allegation and was *merely speculating* about the way in which he was indicted, there was no need to ... hold further proceedings including an evidentiary hearing." *Id.* (emphasis added).

Second, Word argues that this Court incorrectly computed the thirty day period under § 3161(c)(2). Pointing to the statutory language indicating that time is calculated from "the date on which the defendant first appears through counsel," he claims that he had only fourteen days to prepare on the superseding indictment, rather than the twenty-five day period calculated by this Court. He asserts that he first appeared through counsel on the superseding indictment on November 15, 1982, not November 4, 1982, when the superseding indictment was filed.[5] This miscalculation prejudiced him, he claims, since the additional time would have enabled him to change counsel and thereby present a different defense.

Initially, this Court notes that Word's claim of prejudice is illusory since, even assuming Word's calculations are correct, Word would have had only slightly more than two weeks to change counsel. This

**2.** This Court notes, *en passant,* that access to grand jury minutes is limited to a particularized, discrete showing of need. *In re Federal Grand Jury Proceedings,* 760 F.2d 436, 439 (2d Cir.1985).

**3.** Even assuming that Word is entitled to receive the grand jury minutes, his claim that the public pay for their reproduction must fail since 28 U.S.C. § 753(f) (1982) does not grant indigent prisoners an absolute right to free transcripts on a § 2255 motion. *United States v. MacCollom,*

426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976) (plurality opinion).

**4.** *See also DeVincent v. United States,* 602 F.2d 1006 (1st Cir.1979) (prior decision indicating that a route short of a full evidentiary hearing might be appropriate to determine whether a genuine factual issue exists).

**5.** Word did not, however, explain what event occurred on November 15 which he considers an appearance through counsel.

Court rejected Word's request, made on November 28, 1982, *the day before trial was scheduled to begin,* for a three-week continuance so that Word could change counsel. This three-week continuance was necessary, Word claimed, to accommodate his "new" counsel's "prior commitments." Thus, even assuming Word's calculations are correct, his "new" counsel was unavailable to try the case at the time it would have been rescheduled. Moreover, his appointed counsel requested no additional time to prepare on the superseding indictment but instead, as noted previously, filed a motion, at Word's insistence, accusing the Government of taking *too much* time.

To the extent that this Court miscalculated the thirty day period under § 3161(c)(2), it now believes that its original calculation was *too generous* to Word. This Court believes that in a superseding indictment situation, "where the later indictment charges the same offenses and necessitates no changes in or new formulations of defense strategies, the § 3161(c)(2) trial preparation time period runs from the date of the original indictment." *United States v. Rojas,* 607 F.Supp. 1439, 1446 (N.D.Ind.1985).[6] If the changes in the superseding indictment are not insubstantial, however, the district court must grant a "reasonable continuance" to allow the defendant to prepare a defense to the new charges. *United States v. Guzman,* 754 F.2d 482, 486 (2d Cir.1985). Even assuming Word did not receive notice of the superseding indictment until November 15, 1982, this Court believes fourteen days is a "reasonable continuance" before trial on the expanded conspiracy count of the superseding indictment, especially given that Word's appointed counsel did not complain of a lack of opportunity to prepare adequately for trial.

## CONCLUSION

Accordingly, Word's motion for reconsideration is denied.

SO ORDERED.

---

**6.** The Supreme Court has granted certiorari in a Ninth Circuit case on this very issue and, therefore, a definitive answer may soon be forthcoming. *See United States v. Rojas-Contreras,* —— U.S. ——, 105 S.Ct. 1167, 84 L.Ed.2d 319 (1985).