**Jerry WORD, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. 86 Civ. 1751(MP).**

United States District Court,
S.D. New York.

May 5, 1986.

Jerry Word, pro se.

Rudolph W. Giuliani, U.S. Atty. for the S.D.N.Y. by Franklin H. Stone, Asst. U.S. Atty., New York City, for U.S. of America.

### OPINION

MILTON POLLACK, Senior District Judge:

This is Jerry Word's fourth *pro se* motion to vacate his sentence—fifth, if counting his motion to reconsider a decision on one of his prior § 2255 motions—under 28 U.S.C. § 2255 (1982). Because Word knew, years earlier, of the existence of the facts giving rise to his present claim, and thus could have brought these claims in one of his prior § 2255 motions, *see* Rule 9(b) (successive motions), 28 U.S.C. foll. § 2255 (1982), and because his contentions, even were they properly raised for the first time on this motion, are totally frivolous, Word's motion will be denied.

At trial, on direct appeal from his conviction, and in his initial *pro se* § 2255 motion, Word had claimed that the government took *too long* in bringing him to trial, allegedly in violation of the Speedy Trial Act, 18 U.S.C. § 3161(c)(1) (1982). In his more recent *pro se* § 2255 motions, Word has claimed that the government brought him to trial *too quickly*, prejudicing his ability to prepare adequately for trial, allegedly in violation of 18 U.S.C. § 3161(c)(2) (1982). Now, on this latest *pro se* § 2255 motion, Word is once again claiming that the

government took *too long* in bringing him to trial.

To support his current motion, Word accuses the government, his trial counsel, and this Court of conspiring to forge documents in the record, thereby misdirecting Word's arguments on his speedy trial act claim before the Second Circuit on direct appeal of his conviction. Word requests an evidentiary hearing, polygraph tests of all those allegedly involved, and whatever else is necessary to dig out the truth. In addition, Word has filed a motion to recuse Judge Pollack because of his alleged complicity in this alleged conspiracy.

## BACKGROUND

The facts underlying this motion are set forth in greater detail in this Court's opinion on one of Word's prior § 2255 motions, 616 F.Supp. 695, and familiarity with them is assumed. The relevant facts will be summarized only briefly below.

On December 1, 1982, a jury found Word guilty of both one count of conspiracy to possess heroin with intent to distribute and one count of attempted possession of one kilogram of heroin with intent to distribute. This Court sentenced Word to concurrent fifteen-year prison terms on each count, a $50,000 fine on each count, and ten years of special parole on the attempt count. *See* 21 U.S.C. §§ 841, 846 (1982). On May 20, 1983, the Second Circuit affirmed the conviction. *United States v. Word*, 742 F.2d 1444 (2d Cir.1983) (aff'g without published opinion).

One month later, on June 18, 1984, Word filed his first *pro se* § 2255 petition, basically reasserting claims that the Second Circuit had rejected in Word's direct appeal of his conviction. In a memorandum decision, dated August 3, 1984, this Court denied Word's motion. On March 28, 1985, the Second Circuit summarily affirmed that decision. *Word v. United States*, 762 F.2d 991 (2d Cir.1985) (aff'g without published opinion).

On August 13, 1985, Word filed his second § 2255 motion, claiming that the government had brought him to trial *too*

*quickly.* Before a decision had been rendered on that motion, Word filed a "supplemental brief," which speculated, without a shred of evidentiary support, that the full grand jury had not considered the superseding indictment upon which he was tried. Rather than decide Word's new allegation on a third § 2255 motion, this Court consolidated the allegations and, on August 27, 1985, denied the motion. *Word v. United States*, 616 F.Supp. 695 (S.D.N.Y.1985).

On September 13, 1985, Word filed a motion for reconsideration of this Court's August 27, 1985 decision. On October 3, 1985, this Court denied Word's motion for reconsideration. *Word v. United States*, 620 F.Supp. 43 (S.D.N.Y.1985). Word has filed a notice of appeal from that decision. *Word v. United States*, No. 85–2328 (2d Cir. November 1, 1985).

On February 27, 1986, Word filed the present § 2255 motion, his fourth.

## DISCUSSION

Word has become a chronic litigant, abusing the process provided for by Congress in § 2255. Rule 9(b) of the Rules governing § 2255 motions provides that:

(b) *Successive motions.* A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.

The Rules governing habeas corpus review of state court convictions under 28 U.S.C. § 2254 (1982), contain an analogous provision. *See* Rule 9(b), 28 U.S.C. foll. § 2254 (1982). In construing Rule 9(b) under § 2254, the Supreme Court has recognized that prisoners often delay inexcusably in asserting their claims, filing numerous and successive habeas petitions, which result in piecemeal litigation, thereby abusing the writ of habeas corpus. *Woodard v.*

*Hutchins,* 464 U.S. 377, 104 S.Ct. 752, 78 L.Ed.2d 541 (1984) (per curiam).

In *Woodard,* the Supreme Court vacated a stay of execution granted earlier that day by a single Circuit Judge. Justice Powell, in a concurring opinion joined by four other Justices, stated that the prisoner's claims were "a clear example of the abuse of the writ [of habeas corpus] ... [since] [a]ll three of [prisoner's] claims could and should have been raised in his first petition for habeas corpus." 464 U.S. at 379, 104 S.Ct. at 753. Even though the case was a capital one, and even though Justice Brennan, in dissent, argued that the issue raised by the prisoner was a substantial one that had not been resolved by the Supreme Court, Justice Powell concluded by stating:

> A pattern seems to be developing in capital cases of multiple review in which claims that could have been presented years ago are brought forward—often in a piecemeal fashion—only after the execution date is set or becomes imminent. Federal courts should not continue to tolerate—even in capital cases—this type of abuse of the writ of habeas corpus.

*Id.* at 380, 104 S.Ct. at 753. Justices White and Stevens, in dissent, observed that the Court's decision "comes very close to a holding that a second petition for habeas corpus should be considered as an abuse of the writ and for that reason need not be otherwise addressed on the merits." *Id.* at 383, 104 S.Ct. at 755 (White, J. & Stevens, J. dissenting); *accord Antone v. Dugger,* 465 U.S. 200, 206, 104 S.Ct. 962, 965, 79 L.Ed.2d 147 (1984) (per curiam) (holding that prisoner's second habeas petition is an abuse of the writ because "the applicant hardly can contend that these claims were unknown to him [when filing the first writ]."); *see generally Witt v. Wainwright,* —— U.S. ——, 105 S.Ct. 1415, 1418–19, 84 L.Ed.2d 801 (1985) (Marshall, J., dissenting from the denial of certiorari) (summarizing Supreme Court precedent on the abuse-of-the-writ principles).

The Circuit Courts have also become concerned with the problem of numerous and successive habeas petitions being filed by chronic litigants. *See Booker v. Wainwright,* 764 F.2d 1371, 1376 (11th Cir.1985) ("A petitioner who fails to include all his grounds for relief in his first habeas petition risks dismissal of claims raised for the first time in later petitions."), *cert. denied* —— U.S. ——, 106 S.Ct. 339, 88 L.Ed.2d 324 (1985); *Miller v. Bordenkircher,* 764 F.2d 245, 251 (4th Cir.1985) ("Prisoners drafting pro se petitions have the benefit of liberal pleading requirements in bringing their claims before the courts ... and thus there is no reason why the district courts should be compelled to tolerate delay [through successive habeas petitions] in cases such as this, which present on the merits no new questions of fact or law.").

Word's claims on this § 2255 motion fall directly into that category of claims held to be abuses of the habeas corpus procedures. In the papers supporting his current § 2255 motion, Word admits that he knew years ago of the facts giving rise to this current claim.

In his motion papers, Word claims that on December 8, 1982, a Ms. Ann Conway, at his request, provided him with photocopies of the docket entries for his criminal case that she had obtained through the clerk's office in the Southern District of New York. He reviewed the docket entries and saw that the motion to suppress evidence that Word's trial counsel had asserted on his behalf was not indicated as having been filed with the clerk's office until November 15, 1982, the date this Court ruled on the motion. Word claims that his lawyer had previously told him that he filed the motion on November 5, 1982.

Word's current speedy trial act contention, that the government took *too long* to bring him to trial, is grounded on this ten day alleged discrepancy. Assuming the truth of everything Word asserts, Word's argument, stripped to its essentials, is that this Court (and the Second Circuit) improperly excluded from computation, for speedy trial act purposes, the period of time from November 5 through November 15, 1982 since the motion was not stamped by the court clerk until November 15, even though

the attorneys for each side and the Judge were acting as though the motion had been filed on November 5.

Upon learning of this alleged discrepancy in December 1982, Word claims to have confronted his lawyer immediately in a telephone conversation. Word claims that his lawyer told him that although he did not file the motion with the clerk of the court on November 5, he had served a copy of the motion on the government lawyer on that date, who then called Judge Pollack to inform him of the motion. Thus, by his own admission, Word knew in December 1982—before his direct appeal of his conviction to the Second Circuit and before filing any of his § 2255 motions—the facts underlying his assertion in the present § 2255 motion. He asserts no justification for omitting this basis for his current argument—*i.e.*, that the government took *too long* in bringing him to trial—either in his subsequent direct appeal of his conviction or in his subsequent § 2255 motions. In fact, in some of his subsequent § 2255 motions, he had argued the directly contrary position that the government had brought him to trial *too quickly*, without sufficient time to prepare. Indeed, the day before trial was scheduled to begin, Word requested a continuance so that he could change counsel.[1]

Although adding nothing to his speedy trial act claim, Word embellishes his story by throwing in an accusation that the government, his trial lawyer, and this Court conspired to forge documents in the record. He claims that on November 5, 1983, a Ms. Nancy Gillenwater, at his request, obtained copies of court documents from the Second Circuit clerks' office. Comparing this copy of his motion to suppress evidence to the one earlier obtained by Ms. Conway, he noted that the earlier-obtained copy of his motion to suppress

evidence does not bear the stamp of the clerk of the court whereas the later-obtained one did, dated November 5, 1982. Inspecting his affidavit that had accompanied the motion to suppress, Word noted additional discrepancies such as the placing of the notary's signature and other ministerial acts, but no substantive difference between the two. He does not deny, however, that he signed both these affidavits, as they both contain his signature. Overlooking the obvious possibility that there are two duplicate copies of Word's affidavit, both of which Word signed, each accompanying a different copy of his motion to suppress evidence, neither being any different in substance than the other, he then jumps to the conclusion that an elaborate conspiracy was formed between the government, his trial lawyer, and this Court to forge court documents. But even if true, this preposterous accusation is completely irrelevant to the underlying legal argument, stated above, that he is making.

Word also claims that the sentence imposed upon him is illegal because counts one and two of the Indictment, which charged conspiracy and possession with intent to distribute heroin, were multiplicitous and that he therefore was improperly sentenced on each count. Once again, raising such a claim at this late date, even were it not completely lacking in merit, is an abuse of the § 2255 process because Word (and his various counsel at that time) knew years ago, before direct appeal and before his numerous § 2255 motions, the facts upon which this claim is based.

For the reasons stated above, this Court holds that Word's § 2255 motion is an abuse of the procedures provided by Congress in § 2255, within the meaning of Rule 9(b), Rules governing § 2255 motions, 28 U.S.C. foll. § 2255 (1982). Word's

---

1. In exercise of its discretion, this Court denied Word's last-minute motion for a continuance. On direct appeal of Word's conviction, the Second Circuit rejected arguments by Word's counsel that challenged this denial of a continuance. Nevertheless, Word has continued to argue in each of his successive § 2255 motions—this one being no exception—that he was prejudiced by

being "forced" to go to trial without the lawyer he preferred to have, but whose prior commitments did not allow him to represent Word at the time of trial (or for a good while thereafter). Word cites Judge Pollack's denial of Word's motion for a continuance as evidence of his prejudice against Word, thus allegedly supporting his motion to recuse Judge Pollack.

claims, therefore, are dismissed without reaching the merits.

Even were this Court to reach the merits of Word's § 2255 motion, however, no non-frivolous issues are presented. Word's speedy trial act claim is directly contrary to Second Circuit law. *United States v. Cobb*, 697 F.2d 38, 43 (2d Cir.1982) (filing a motion for speedy trial act purposes, thereby beginning computation of excludable time under 18 U.S.C. § 3161(h)(1)(F), occurs when that motion is orally communicated to the judge). Moreover, if Word's contention were accepted by this Court, it would result in a trap for the unwary. Defense counsel could serve a courtesy copy of the motion on the government and the court but purposely (or negligently or lazily) not have the motion stamped as docketed by the court clerk. Word's contention would require the government, or the court, to search the docketed papers to ensure that defense counsel had in fact filed the original motion papers with the court clerk.

Word's claim that the conspiracy and the attempt counts cannot be punished separately since they are components of the same offense is patently frivolous. Each count required proof of a fact that the other does not and they therefore may be punished separately. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). The conspiracy count required proof that a conspiracy to violate the narcotics laws existed and that Word participated in that conspiracy; the attempt count required proof that Word attempted to possess heroin with intent to distribute it. Moreover, since Word was sentenced to the same prison term on each count, to be served concurrently, he could not benefit from a favorable decision even were he correct that each offense could not be punished separately.

Finally, Word has filed a motion to recuse Judge Pollack. In a letter to this Court, dated March 27, 1986, Word stated his reason for the recusal motion:

My concern has been prompted by the Court's past performance in litigating issues in my case, specifically the Court

has been very expedient in its actions and moved very swiftly to deny previous claims ...

As an additional basis for recusal, Word complains that this Court denied his motion, filed the day before trial, for a continuance to change counsel. *See* supra note 1. Word also cites his own unsubstantiated allegation of this Court's participation in a conspiracy to forge court documents as further support for his recusal motion. Needless to say, none of these reasons is sufficient to support his motion for recusal and the motion is denied.

Word's motion under § 2255 to vacate his sentence is denied.

So Ordered.