**Harvey M. SMITH, Plaintiff,**

v.

**MORRIS & MANNING, a Co-Partnership, Nicholas Sears and James Altenback, Defendants.**

**No. 85 Civ. 2106 (JFK).**

United States District Court, S.D. New York.

March 17, 1987.

Feiden, Dweck & Sladkus, New York City, for plaintiff; Jack S. Dweck, of counsel.

L'Abbate & Balkan, Garden City, N.Y., for defendants Morris, Manning & Martin and Nicholas N. Sears; Anthony P. Colavita, Robert A. Rosenfeld, of counsel.

Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, for defendant James Altenbach; Thomas W. Hyland, Thomas A. Leghorn, of counsel.

## OPINION AND ORDER

KEENAN, District Judge:

Plaintiff Harvey M. Smith (hereinafter "Smith") moves the Court for an order vacating a judgment entered November 21, 1986 dismissing the complaint for lack of personal jurisdiction over the defendants, 647 F.Supp. 101. Smith further requests that the Court transfer this action to the United States District Court for the Northern District of Georgia. Finding that justice would be best served by a transfer of this case, the Court will grant the motion.

Smith's complaint, filed on March 15, 1985, alleged that defendants Morris, Manning & Martin, Nicholas Sears and James Altenbach failed to use reasonable skill and diligence in giving Smith legal advice. Claims were asserted in negligence and contract. Smith had retained Morris, Manning & Martin, a Georgia law firm, on April 28, 1980 to advise him on tax and estate planning. Defendants' advice allegedly included the suggestion that Smith transfer ownership of a building he owned in New York to a corporation, which Smith complains caused him to incur excessive tax liability. Upon defendant's motion, the Court dismissed the complaint for lack of personal jurisdiction over the defendants by Memorandum Opinion and Order dated November 10, 1986. Judgment was thereafter entered by the clerk. Smith has appealed and filed the instant motion.

Smith's request that the Court vacate the judgment in defendant's favor is based on the possibility that he may be barred by the statute of limitations from filing a new complaint in a forum where personal jurisdiction over the defendants may be obtained. Disputing defendants, Smith argues that the complaint was timely filed, but that the lapse of time before the motion to dismiss was granted may unjustly deprive him of an opportunity for an adjudication on the merits of his claim. Smith further urges that the convenience of the parties and the witnesses and the interest of justice would be served by a transfer of this action pursuant to 28 U.S.C. § 1404(a) to the Northern District of Georgia.

■ Smith's motion is ostensibly made pursuant to Fed.R.Civ.P. 60, but should be construed as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e). *Bank of California v. Arthur Andersen & Co.*, 709 F.2d 1174, 1176 (7th Cir.1983); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 41 (2nd Cir.1982); *Word v. United States*, 620 F.Supp. 43, 45 (S.D.N.Y.1985). Accordingly, Smith need not meet the somewhat stringent requirements of Rule 60, which is aimed at protecting the finality of judgments from belated attack.

■ It is clear that the Court has the power to transfer an action even though it lacks personal jurisdiction over the defendants in order to prevent a plaintiff's being unjustly denied an adjudication on the merits of his claim. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67, 82 S.Ct. 913, 915–16, 8 L.Ed.2d 39 (1962) (transfer under 28 U.S.C. § 1406); *Nelson v. International Paint Co.*, 716 F.2d 640, 643 (9th Cir.1983); *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 80 (2nd Cir.1978); *Welsh v. Cunard Lines, Ltd.*, 595 F.Supp. 844, 845 (D.Ariz.1984) (transfer granted upon Rule 60 motion). As the Supreme Court stated in *Goldlawr*, a plaintiff should not be penalized "merely because [he] made a mistake in thinking that the [defendants] could be 'found' or that they 'transact ... business'" within the forum. 369 U.S. at 466, 82 S.Ct. at 915. In order to promote adjudication of cases on the merits, the venue statutes must be construed to authorize the transfer of cases where personal jurisdiction is lacking, however wrong the plaintiff has been in his choice of forum. *Id.* at 467, 82 S.Ct. at 916.

■ Defendants argue that transfer should not be allowed because Smith's claim was time-barred in Georgia even on

the date suit was filed here. To allow transfer, defendants contend, would allow Smith the benefit of the longer statute of limitations in the State of New York, while still obtaining personal jurisdiction over defendants in Georgia, an unfair result that would encourage forum shopping.

Defendants' argument is premised on the belief that the District Court for the Northern District of Georgia would be required under *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), to apply the statute of limitations of New York. The *Van Dusen* Court expressly stated, however,

> we do not and need not consider whether in all cases § 1404(a) would require the application of the law of the transferor, as opposed to the transferee, state. We do not attempt to determine whether, for example, the same considerations would govern if a plaintiff sought transfer under § 1404(a)....

*Id.* at 639–40, 84 S.Ct. at 821. Some courts have held that the law of the transferee court should be applied when the transfer has been requested by the plaintiff. *See Carson v. U–Haul Co.*, 434 F.2d 916, 917–18 (6th Cir.1970); *Ferens v. John Deere Co.*, 639 F.Supp. 1484, 1485 (W.D.Pa.1986). Should it appear that Smith's claim is barred under the statute of limitations of Georgia and that he has brought suit in New York solely to obtain the benefit of this state's statute of limitations, knowing that personal jurisdiction could not be asserted over defendants here, the transferee court may find it appropriate to apply the law of Georgia to Smith's claim. Because the transferee court may choose to apply the law of Georgia, defendants' cries of "forum shopping" do not dictate a denial of Smith's motion for a transfer. While some courts have denied a transfer and dismissed the complaint upon concluding that the claim is time-barred under the law of the transferee state, the better practice seems to be to leave the statute of limitations question to the transferee court. *See Corke v. Sameiet M.S. Song of Norway*, 572 F.2d at 78 n. 3, 80–81.

Refusal to transfer this case would severely prejudice Smith, by perhaps eliminating any chance that his claim will be heard on its merits, but would not cause great hardship for defendants. Defendants may yet raise their statute of limitations defense in the transferee court. Transfer seems, therefore, to be in the interests of justice.

The Court intends to grant the relief requested by plaintiff and authorizes Smith to seek remand from the Court of Appeals for that purpose.

SO ORDERED.