DENNIS, Circuit Judge, dissenting:
“Rule 59 gives the trial judge ample power to prevent what he considers to be a miscarriage of justice.”[1] When a party moves to alter or amend a judgment under Rule 59(e), a district court is obligated to balance carefully the need for finality with the need to render a just decision on the basis of all the facts.[2] That obligation is increased “when the judgment, absent amendment, creates or results in a mani *482 fest injustice.”[3] In this case, the need to render a just decision outweighed the need for finality, but the court did not render a just decision.
Instead, the district court provided no indication that it even considered the additional evidence that plaintiffs submitted with their Rule 59 Motion.[4] The district court, however, for the reasons discussed below, was obligated to consider the additional evidence. Accordingly, we should remand this case to the district court with orders to consider plaintiffs’ additional evidence and reconsider the summary judgment in light of that evidence. Because the majority opinion does not require such a reconsideration, I respectfully dissent.
The Irvins submitted a Rule 59(e), motion to the district court that contained evidence that had not been presented to the district court previously. Specifically, it contained reports from Irvin’s treating physicians that had been submitted in response to defendants’ Interrogatories and Requests for Productions of Documents as well as an affidavit from Irvin.
The majority reviews the district court decision “as if the district court did not consider the additional materials,” implicitly holding that the district court did not abuse its discretion in failing to consider the materials.[5] Considering the unique and extraordinary history of this case, however, I believe that the district court’s failure to consider this information was a misuse of judicial discretion.
As this court has explained in Lavespere v. Niagara Machine & Tool Works, Inc.,[6] when a party “seeks to upset a summary judgment on the basis of evidence [that the party] failed to introduce on time,” the district court is obligated to weigh, inter alia, several factors in deciding whether to admit the evidence: (1) the reasons for the moving party’s default, (2) the importance of the omitted evidence to the moving party’s case, (3) whether the evidence was available to the movant before the non-movant filed the summary judgment motion, and (4) the likelihood that the non-moving party will suffer unfair prejudice if the case is reopened.[7]
These factors, it should be noted, are simply illustrative and not exhaustive.[8] In particular, the Lavespere court utilized this *483 framework, not to limit the scope of Rule 59(e), but to explain that Rule 59(e) motions provide the district court with “considerable discretion” and that they are “not controlled by the same exacting substantive requirements as Rule 60(b) motions.”[9] Because Rule 59(e) motions are subject to much more stringent time requirements than Rule 60(b) motions, Rule 59(e) motions provide relief for the movant on grounds at least as broad as Rule 60 motions.[10] Rule 59(e), therefore, provides district courts with the power to consider equitable factors and provide relief for “ány ... reason justifying relief from the operation of the judgment.”[11]
The equitable considerations under Rule 59(e) weigh in plaintiffs’ favor when one considers the unique facts of this case. Specifically, (1) the Irvin’s “default” resulted, not through any fault of their own but because of egregious lawyer misconduct causing them virtually total deprivation of representation and the benefits of the adversary system of justice; (2) the omitted evidence was essential to the Irvin’s case; (3) the evidence was made available to defendants-movants before they filed their motion for summary judgment; and (4) defendants in this case would not have been prejudiced by an introduction of the evidence because plaintiffs had already provided them with the evidence.
First, the plaintiffs did not present the evidence to the district court initially, through no fault of their own, but because they were subjected to attorney conduct and inaction so egregious that it “amounted to nothing short of leaving [them] unrepresented.” [12] While it is true that a district court has the discretion to refuse to use Rule 59 to “rescue” a plaintiff from simple negligence, or a “blunder” by his attorney,[13] the facts of this case go far beyond a simple blunder by a plaintiffs attorney. The conduct of the Irvins’ attorneys in this case constitutes “neglect so gross that it is inexcusable.”[14]
The district court imposed five discovery deadlines between March 15th, 2002 and August 1st, 2002 on which plaintiffs were obligated to act. They were required to produce current medical reports and releases by March 15th. They were required to obtain all existing discovery from other counsel of record by April 30th. They were required to propound additional non-repetitive discovery by May 31st. They were required to file a list of treating physicians and all other experts with the court by July 1st. They were required to submit their medical expert reports by August 1st. The plaintiffs were literally without counsel during the entire period spanning these deadlines. Indeed, the counsel that had been representing them previous to those deadlines withdrew— with the court’s permission — the day be *484 fore the first deadline. In short, the Ir-vins were completely without counsel — a situation permitted by the district court— during the period of time that assistance of counsel was most crucial to the Irvins’ case.[15]
Both the district court and the majority opinion minimize the impact of the Irvins’ lack of counsel during this critical period. They note that George Tucker enrolled as the Irvins’ counsel on August 22nd and represented them when defendants filed their summary judgment motion on August 30th. This “representation,” however, was virtually non-existent. From the record, it appears that all Tucker did on behalf of the Irvins was attend one status conference. He filed no papers with the court in response to the summary judgment motion and moved to withdraw from representation of plaintiffs five days after the court granted summary judgment.
At least one other circuit recognizes that an attorney’s inaction over a sustained period can be so detrimental to a client as to constitute “neglect so gross that it is inexcusable.” [16] Specifically, the Third Circuit has held that it is an abuse of discretion for a district court to refuse to grant a party relief under Rule 60(b) when that party’s attorney engages in “egregious conduct [that] amount[s] to nothing short of leaving his clients unrepresented.”[17]
The motion in front of us today presents such egregious conduct. Plaintiffs were literally without enrolled counsel during the most critical stages of the proceedings in a factually complex case. Although it is true that at an earlier stage of the case the plaintiffs were represented by a lawyer who collected the evidence in question and submitted it to the defendants, the plaintiffs were completely without counsel during the critical period when that evidence could have been presented to the court. Upon obtaining counsel again, plaintiffs immediately filed the present Rule 59 Motion and submitted the required evidence.
Second, the omitted evidence was critical to the Irvin’s case because the evidence, had the court accepted it, arguably creates a dispute of material fact that would have allowed the Irvins to defeat summary judgment. Therefore, the second Lavespere factor also weighs in the Irvins’ favor.[18]
*485 Finally, the defendants would not be prejudiced by the admission of this evidence because the plaintiffs provided defendants with the relevant information in September of 2000, almost two years before defendants filed their summary judgment motion.[19] Accordingly, the district court would not have harmed the defendants by accepting and considering the evidence submitted with the Rule 59 motion.
In short, proper application of the factors that this court has instructed district courts to use in deciding whether to consider additional evidence submitted with a Rule 59 motion should have led the district court to consider the evidence.[20]
There is, of course, a need for finality of judgments. However, in an extraordinary case such as this-where plaintiffs had evidence arguably sufficient to survive summary judgment, submitted that evidence to defendants, and failed to provide the evidence to the court in a timely manner due only to a complete abandonment by the legal system-the district court misused its discretion in denying the Rule 59(e) motion without considering the relevant evidence submitted with it.
Accordingly, I would vacate the summary judgment and remand this case to the district court with instructions to consider the evidence that plaintiffs submitted with their Rule 59 motion before acting on the motion.
Respectfully, I dissent.

. 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2803 (1995).

. Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir.1993).

. 12 James Wm. Moore et al., Moore’s Federal Practice § 59.30[5][a][v] (Matthew Bender 3d ed.2003).

. Even if, as a technical matter, the district court considered the additional evidence, its opinion provides no analysis or discussion of that evidence. Accordingly, I agree with the majority that, for purposes of this appeal, we should review the judgment as if the district court did not consider the evidence attached to the Rule 59 motion.

. The majority states that we should review the district court’s Rule 59 decision de novo if the court considered the additional evidence, but only for an abuse of discretion if it did not consider the additional evidence. This approach is incorrect. We review the district court’s decision to consider the new evidence for an abuse of discretion. Fletcher v. Apfel, 210 F.3d 510, 512 (5th Cir.2000). However, we review the actual challenge to the summary judgment on its merits de novo because that determination is an issue of law. Id.; see also Perez v. Aetna Life Ins. Co., 150 F.3d 550 (6th Cir.1999) (en banc) (stating that "when the Rule 59(e) motion seeks review of a grant of summary judgment, ... we apply a de novo standard of review”); 12 James Wm. Moore et al., Moore’s Federal Practice § 59.54[4][e] (Matthew Bender 3d ed.2003).("[I]f the [Rule 59(e) ] motion sought reconsideration of a grant of summary judgment, the appellate court will review the matter de novo.’’).

. 910 F.2d 167 (5th Cir.1990).

. See id. at 174.

. See id. (noting that the district court should consider these four factors "among other things”).

. See id.

. See id.; see also Smith v. Morris & Manning, 657 F.Supp. 180, 181 (S.D.N.Y.1987) (When filing a motion under Rule 59(e), "[a party] need not meet the somewhat stringent requirements of Rule 60, which is aimed at protecting the finality of judgments from belated attack.”).

. See Fed.R.Civ.P. 60(b)(6); see also Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863-64, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988) (noting that Rule 60(b)(6) provides district courts with "authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice,” but that such power should only be used in "extraordinary circumstances.”) (internal quotations omitted).

. Boughner v. Secretary of HEW, 572 F.2d 976, 977 (3rd Cir.1978).

. See Lavespere, 910 F.2d at 173.

. Boughner, 572 F.2d at 978.

. This consideration is even more important in a complex toxic tort case such as this one in which the court cannot expect a lay person to understand the issues of medical causation and the necessity of expert testimony to prove the case.

. Boughner, 572 F.2d at 978.

. See id. at 977. As noted above, Boughner was decided under Rule 60, not Rule 59. To the extent this distinction makes a difference, it works in favor of the plaintiffs here because, as explained above, a party should obtain district court relief more easily under Rule 59 than Rule 60. See Lavespere, 910 F.2d at 173-74 (noting that Rule 59 “is not controlled by the same exacting substantive requirements” as Rule 60); see also, supra, notes 8-11 and accompanying text.

.The majority implies that summary judgment may be appropriate even if the district court were to consider the additional evidence. Specifically, the majority asserts in footnote 5 that "[t]he treating physician reports submitted by the Irvins would most certainly not satisfy the requirements established by Rule 56(c) and 56(e) for sworn, authenticated summary judgment evidence.” This issue is not as clear-cut as the majority indicates. Though sworn affidavits are the typical evidence used to counter motions for summary judgment, "Rule 56 does not require that a moving party support its motion with affidavits.” Salas v. Carpenter, 980 F.2d 299, 304 (5th Cir.1992) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Instead, Rule 56(c) specifically states that the court should consider "the pleadings, depositions, answers to interrogatories, and admissions on file” in addi *485 tion to affidavits when ruling on a motion for summary judgment. The record in this case establishes that these treating physician reports were included in responses to interrogatories by the defendants. It is not clear how the totality of the evidence will bear on the motion for summary judgment. Such a decision should be for the district court in the first instance after it properly considers the evidence submitted with the Rule 59 motion. See, e.g., Boughner, 572 F.2d at 979 (remanding case to district court for reconsideration after reversing district court denial of appellant’s Rule 60 motion).

. It is also worth noting in this context that the district court has presided over many other cases involving this same chemical spill. In exercising its discretion in deciding whether to consider plaintiffs’ additional evidence, the district court should have also considered the likelihood, based on its experience in these other cases, that plaintiff’s additional evidence was relevant to the merits of the summary judgment motion.

. To the extent that judicial economy is also a factor in a Rule 59 analysis, it is also worth noting that the district court could have accepted the evidence with almost no additional burden. It simply had to review what the plaintiffs submitted with the Rule 59 motion.