**UNITED STATES of America, Appellee,**

v.

**Mohammad Qadir KHALJE,
Defendant-Appellant.**

**No. 77, Docket 81–1141.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 2, 1981.

Decided Sept. 3, 1981.

Francis S. Brocato, Baltimore, Md. (Brocato & Schwartz, Baltimore, Md., on the brief), for defendant-appellant.

Jerome J. Niedermeier, Asst. U. S. Atty., Rutland, Vt. (Jerome F. O'Neill, U. S. Atty.,

Sheila M. Ware, Asst. U. S. Atty., Burlington, Vt., on the brief), for appellee.

Before NEWMAN and KEARSE, Circuit Judges, and EGINTON,* District Judge.

PER CURIAM:

Mohammad Qadir Khalje was convicted after a jury trial in the United States District Court for the District of Vermont (James S. Holden, Chief Judge) of false personation and presentment of a visa application containing false statements in violation of 18 U.S.C. § 1546 (1976). Khalje presented an application for a visitor's visa to the American Consulate in Montreal in which he assumed a false identity and falsely stated the purpose and length of his visit to the United States. On appeal, Khalje contends primarily that § 1546, as he construes it, is inapplicable to his conduct.

> Section 1546 provides, in relevant part: Whoever knowingly makes under oath, or as permitted under penalty of perjury under section 1746 of title 28, United States Code, knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document containing any such false statement—
>
> Shall be fined not more than $2,000 or imprisoned not more than five years, or both.

The statute proscribes two different courses of conduct concerning visa applications: (1) making a false statement under oath or otherwise subject to the penalty of perjury and (2) presenting a false statement. Appellant contends that the presentment portion of the statute applies only to a false statement made under oath or subscribed to under penalty of perjury, on the theory that the phrase "any such false statement" in the presentment portion refers back to statements covered by the

---

* The Honorable Warren W. Eginton of the United States District Court for the District of Connecticut, sitting by designation.

oath-taking portion and incorporates the oath or affirmation requirement. We disagree. We construe the phrase "any such false statement" in the presentment portion to refer back only to the phrase "any false statement with respect to a material fact." This construction carries out the apparent Congressional purpose of penalizing both those who swear to materially false statements in visa applications and those who present materially false statements in such applications, whether or not the latter swear to such statements. We can see no reason why Congress would have prohibited presentment of materially false statements only when such statements were made under oath, either by the presenter or by a third party. The requirement of a knowing presentment assures that the presenter is liable only when he knows the statement is false.

■ Appellant also contends that the District Court improperly exercised extraterritorial jurisdiction in this case; since the acts were committed in the American Consulate in Montreal and there was no visa issued to the appellant, he claims that, under the principle of objective territoriality, the adverse effects within the United States needed to support jurisdiction were lacking. In *United States v. Pizzarusso*, 388 F.2d 8 (2d Cir.), *cert. denied*, 392 U.S. 936, 88 S.Ct. 2306, 20 L.Ed.2d 1395 (1968), however, this Court upheld jurisdiction under the protective principle of international law, which requires only a potentially adverse effect on security or governmental functions—here, control of immigration—to support jurisdiction. *Pizzarusso* stated that a violation of § 1546 is complete when the perjury is committed, and that subsequent entry into the United States pursuant to a visa is neither required by the statute nor material. *Id.* at 9, 11; *see United States v. Williams*, 464 F.2d 599, 601 (2d Cir. 1972).

■ The appellant challenges the charges of false personation and presentment as multiplicitous. "The vice in multiplicity of charges is that it may lead to multiple sentences for the same offense and may improperly prejudice a jury by suggesting that a defendant has committed not one but several crimes." *United States v. Reed*, 639

F.2d 896, 904 (2d Cir. 1981). The Supreme Court, in *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), was faced with the question whether cumulative sentences for violations of two conspiracy statutes could be imposed when the violations arose out of the same set of transactions. The Court held that, in the absence of evidence of Congressional intent to preclude cumulative sentences, Congress is presumed to have intended to authorize the imposition of cumulative sentences once the *Blockburger* test for multiplicity is satisfied, *i.e.*, that each provision requires proof of a fact that the other does not, *see Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). *Albernaz v. United States, supra*, 101 S.Ct. at 1141–42; *see United States v. Reed, supra*, 639 F.2d at 906. Here, the personation provision clearly requires proof of a fact that the other does not, namely—false identity, while the presentment provision requires proof of knowing presentment of a false statement in an immigration *document*. The multiplicity challenge therefore fails.

■ Finally, appellant contends that the District Court erred in denying his motion for a new trial based on newly discovered evidence. The new evidence is an acknowledgment by the Drug Enforcement Administration that it has no "substantive basis" to believe that Khalje is engaged in drug-related activities. The DEA's previously held suspicion of Khalje had resulted in the denial of his visa application in London, two years before he made the false visa application in Montreal, which led to his conviction. Appellant contends this new evidence would now enable him to show that his application in London should not have been rejected, and that circumstance, he claims, would tend to establish a defense of "justification" or "choice of evils." *See United States v. Bailey*, 444 U.S. 394, 409–11, 100 S.Ct. 624, 634–35, 62 L.Ed.2d 575 (1980); *United States v. Richardson*, 588 F.2d 1235, 1239 (9th Cir. 1978), *cert. denied*, 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636 (1979). While we are sympathetic to the plight of a person denied a visa apparently on the basis of information that turned out

to be insubstantial, that circumstance provides no basis for the defense of justification. As *Bailey* and *Richardson* both make clear, that defense is available when refraining from criminal conduct would produce a harm greater than the crime. That was not the situation facing Khalje when he falsified his visa application in Montreal. Since the justification defense was not available, the District Court properly concluded that the newly discovered evidence would not have produced a different verdict.

The appellant's remaining contentions are without merit.

The judgment of the District Court is affirmed.