**UNITED STATES of America,**

v.

**Arif DURRANI.**

**Crim. No. B–86–59 (TFGD).**

United States District Court,
D. Connecticut.

March 12, 1987.

See also 659 F.Supp. 1183.

Holly B. Fitzsimmons, Dennis King, Asst. U.S. Attys., Stanley A. Twardy, Jr., U.S. Atty., D. Conn., Bridgeport, Conn., for plaintiff.

Ira Grudberg, William M. Bloss, Jacobs Grudberg Belt & Dow, P.C., New Haven, Conn., for defendant.

## RULING ON PRETRIAL MOTIONS

DALY, Chief Judge.

The defendant, Arif Durrani, was charged in October, 1986 with violating provisions of the Arms Export Control Act, 18 U.S.C. § 2778. The indictment, which contained one count, has since been superseded by a three-count indictment which charges two additional violations of the same Act. The Court has already ruled on the motions that pertain to the initial indictment. What follows is a ruling on the motions submitted in relation to the supersedeas.

The initial indictment, returned October 8, 1986, charged the defendant with a single violation of the Arms Export Control Act, 22 U.S.C. § 2778 and related regulatory provisions found in Chapter 22, Code of Federal Regulations (the one count also charged a violation of the aiding and abetting statute, 18 U.S.C. § 2). The event(s) upon which the allegation is based, the unlicensed exportation of certain munitions components to Belgium and Iran, occurred between August 27–30, 1986. On February 18, 1987, the grand jury returned a superseding indictment that contains three counts. Count One remains essentially unchanged. Count Two is patterned after

Count One, but relates to an event(s) that allegedly occurred on or about October 2–3, 1986. Count Three alleges that the defendant engaged in the business of exporting defense articles without the requisite registration, a violation of a separate provision of the Arms Export Control Act.

Since his arrest, the defendant has remained incarcerated pursuant to a preventive detention Order. That Order has been upheld on appeal, and the Court has denied subsequent defense motions to reconsider the Order. As early as the initial detention hearings before the Magistrate, the defendant was put on notice of the intention of the prosecution to seek a superseding indictment. In fact, the defendant now concedes that "the allegations on which the new counts are based were raised by the government in the detention hearings." (Def. brief at 1.) *See also* Affidavit of Special Agent Arruda, October 3, 1986.

On several occasions since the initial indictment the defendant has waived his rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and upon either motion of a party or order of the Court, the trial has been continued. It was during one of these continuances that the superseding indictment was returned. Trial on that indictment had been scheduled for March 9, 1987, but has again been continued until March 16, 1987 for the disposition of these defense motions and a government motion to quash defense subpoenae. The only trial continuance the defendant has sought since the filing of the supersedeas is one contingent upon his release from preventive detention.

### I. *Motion to dismiss for Pre-Indictment delay*

The defendant moves the Court to dismiss Counts Two and Three of the superseding indictment on the grounds that the prosecution's excessive intentional or reckless delay in filing the superseding in-

dictment violated his due process rights guaranteed by the Fifth Amendment.

■ Although the primary guarantees against excessive preindictment delay and the prosecution of overly stale criminal charges are the statutes of limitations for criminal offenses, *see, e.g., United States v. Lovasco*, 431 U.S. 783, 788–89, 97 S.Ct. 2044, 2047–48, 52 L.Ed.2d 752 (1977); *United States v. Marion*, 404 U.S. 307, 322, 92 S.Ct. 455, 464, 30 L.Ed.2d 468 (1971)[1], the Due Process Clause has been recognized as having a "limited role to play in protecting against oppressive delay." *Lovasco*, 431 U.S. at 789, 97 S.Ct. at 2048. In this Circuit it is clear that "pre-indictment delay transgresses due process limits only when there is a showing of actual prejudice and a showing of unjustifiable government conduct," *United States v. Elsbery*, 602 F.2d 1054, 1059 (2d Cir), *cert. denied* 444 U.S. 994, 100 S.Ct. 529, 62 L.Ed.2d 425 (1979), such as would occur if the prosecutor used the delay to gain a tactical advantage. *United States v. Rubin*, 609 F.2d 51, 66 (2d Cir.1979), *aff'd*, 449 U.S. 424, 101 S.Ct. 698, 66 L.Ed.2d 633 (1981); *see, e.g., Lovasco*, 431 U.S. at 795, 97 S.Ct. at 2051; *United States v. Snyder*, 668 F.2d 686, 689 (2d Cir.), *cert. denied*, 458 U.S. 1111, 102 S.Ct. 3494, 73 L.Ed.2d 1373 (1982); *United States v. Mejias*, 552 F.2d 435, 443 (2d Cir.), *cert. denied*, 434 U.S. 847, 98 S.Ct. 154, 54 L.Ed.2d 115 (1977); *United States v. Eucker*, 532 F.2d 249, 255 (2d Cir.), *cert. denied*, 429 U.S. 822, 97 S.Ct. 73, 50 L.Ed.2d 84 (1976).

■ To prove actual prejudice the defendant bears a heavy burden, and the proof must be definite and not speculative. *United States v. Birney*, 686 F.2d 102, 105–06 (2d Cir.1982), *see also Elsbery*, 602 F.2d at 1059. Not until that burden is met is the due process claim "concrete and ripe for adjudication." *Lovasco*, 431 U.S. at 789, 97 S.Ct. at 2048; *see Marion* 404 U.S. at 326, 92 S.Ct. at 466. Similarly, a showing of unjustifiable government conduct is

---

**1.** These cases, as well as their progeny, typically focus on the potential prejudice that may result from substantial delay before a defendant is formally charged. No authority has been cited in which the defendant's theory was pursued within the context of pre-superseding indictment delay.

not a low hurdle to surmount. At the very least it requires a showing that the prosecution "deviate[d] from 'fundamental conceptions of justice,'" *Id.* 431 U.S. at 790–91, 97 S.Ct. at 2049, *quoting, Mooney v. Holohan,* 294 U.S. 103, 112, 55 S.Ct. 340, 341, 79 L.Ed. 791 (1935), or violated the "community's sense of fair play and decency." *Lovasco,* 431 U.S. at 790, 97 S.Ct. at 2049, *quoting, Rochin v. California,* 342 U.S. 165, 173, 72 S.Ct. 205, 210, 96 L.Ed. 183 (1952). For several reasons, courts have been reluctant to prescribe any time period in which the government must seek a particular indictment. *See Lovasco,* 431 U.S. at 790–95, 97 S.Ct. at 2048–51.

■ The defendant contends that "the plain interest of the superseding indictment is to hinder the defense unfairly." (Def. brief at 3.) Implicit in this argument is the advantage gained by the government in having the defendant detained instead of being available to prepare for the trial. However, the supersedeas has not delayed anything; rather, the record discloses that trial on the original indictment was delayed for other reasons. His bare assertions simply fail to meet his burden of establishing prejudice beyond mere conjecture, and circumstances that would indicate the government has created a tactical advantage by way of "contrived procrastination." *Euckler,* 532 F.2d at 255. This is especially true where, as here, the defendant had been given notice of the charges, and the superseding indictment was reasonably to be anticipated. *Cf. United States v. Persico,* 621 F.Supp. 842, 874 (S.D.N.Y.1985) (no unjustified government conduct in naming defendant in the superseding, rather than the initial indictment), *aff'd. sub nom, United States v. Langella,* 804 F.2d 185 (2d Cir.1986).

Were the Court to construe this motion as one challenging the timing of the supersedeas for violating his rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.,* that too would fail. The Act provides, *inter alia,* that a defendant not be tried until at least thirty days have passed from the time of his first appearance with counsel. 18 U.S.C. § 3161(c)(2). The filing of a superseding indictment, however, does not cause the thirty day period to run anew. *United States v. Rojas-Contreras,* 474 U.S. 231, 106 S.Ct. 555, 557, 558, 88 L.Ed.2d 537 (1985); *United States v. Guzman,* 754 F.2d 482, 486 (2d Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 788, 88 L.Ed.2d 766 (1986). Rather, upon a defendant's motion, the Court may exercise its discretion to grant an "ends of justice" continuance should the Court be persuaded that a superseding indictment "operates to prejudice a defendant." *Rojas-Contreras,* 106 S.Ct. at 558; *Guzman,* 754 F.2d at 486; 18 U.S.C. § 3161(h)(8). The Court is not persuaded that such a continuance is necessary here. *See United States v. Shandell,* 800 F.2d 322, 324 (2d Cir.1986) (anticipated superseding indictment did not require continuance); *United States v. Fesler,* 781 F.2d 384, 392 (5th Cir.1986) (superseding indictment charging additional counts did not require continuance), *reh. en banc denied* 783 F.2d 1063 (5th Cir.), *cert. denied* —— U.S. ——, 106 S.Ct. 1977, 90 L.Ed.2d 661 (1986); *United States v. Todisco,* 667 F.2d 255, 260 (2d Cir.1981) (no abuse of discretion for refusal to grant continuance where charges in the superseding indictment were substantially the same and substantial discovery had taken place), *cert. denied,* 455 U.S. 906, 102 S.Ct. 1251, 71 L.Ed.2d 444 (1982); *Word v. United States,* 616 F.Supp. 695, 698 (S.D.N.Y.1985) (no grant of continuance of trial twenty-five days after superseding indictment charged a conspiracy broader than that in the initial indictment); *but see Guzman,* 754 F.2d at 486 (abuse of discretion to fail to grant continuance where superseding indictment expanded conspiracy from two days to two years).

In any case, however, the defendant has failed to make the appropriate motion. He suggests that he would like a continuance but only contingent upon his release on bail. The Court has remained firm on the Detention Order throughout this litigation. His illusory request is viewed as a nullity.

Accordingly, the motion to dismiss for pre-indictment delay is DENIED.

## II. Motion to Dismiss Count Three for Vagueness, Multiplicity, and Improper Venue

Durrani moves to dismiss Count Three of the indictment on the grounds of vagueness, multiplicity, and improper venue. The Court shall rule on these claims *seriatim*.

### A. Vagueness

Count Three charges the defendant with "engag[ing] in the business of exporting defense articles designated by and on the United States Munitions list ... including Hawk Missle System parts, without registering with the United States Department of State, Office of Munitions Control ...," in violation of Title 22, United States Code, section 2778(b). That provision requires every person "who engages in the business of manufacturing, exporting, or importing any defense articles ..." to register with the appropriate government agency. 22 U.S.C. § 2778(b). In essence, the defendant challenges for vagueness the phrase "engages in the business." 22 U.S.C. § 2778(b).

■ When a criminal statute is claimed to be "void-for-vagueness," the appropriate inquiry is whether the offense is described "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). *See, e.g., Hoffman Estates v. Flipside*, 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1952); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972). Although criminal statutes are subject to stricter review, *see Hoffman Estates*, 455 U.S. at 489–90, 102 S.Ct. at 1188–89, "regulatory statutes governing business activities" are afforded "greater leeway." *Papachristou*, 405 U.S. at 162, 92 S.Ct. at 843. In this Circuit, this principle has been applied to the construction of a statute that regulates the "business of selling drugs." *United States v. Manfredi*, 488 F.2d 588, 602 (2d Cir.1973) (rejecting claim that "en-

gaging in a continuing criminal enterprise" under 21 U.S.C. § 848(b) is void for vagueness), *cert. denied*, 417 U.S. 936, 94 S.Ct. 2651, 41 L.Ed.2d 240 (1974). The Court ascribes to that principle.

■ An evaluation for vagueness of the phrase *sub judice* appears to be an issue of first impression. A similar provision of the Gun Control Act of 1968, codified in Title 18, United States Code, section 922(a)(1), has survived attacks for vagueness and lends itself here as an aid in construction. That statute provides in part that "[i]t shall be unlawful ... to engage in the business of importing, manufacturing, or dealing in firearms...." 18 U.S.C. § 922(a)(1). While rejecting challenges to section 922(a)(1) for vagueness, courts have typically interpreted "business" as "that which occupies time, attention and labor for the purpose of livelihood or profit." *United States v. Gross*, 451 F.2d 1355, 1357 (7th Cir.1971); *accord United States v. Williams*, 502 F.2d 581, 583 (8th Cir.1974); *United States v. Kowalski*, 502 F.2d 203, 205 (7th Cir.1974), *cert. denied*, 420 U.S. 979, 95 S.Ct. 1407, 43 L.Ed.2d 660 (1975). Although not ruling with regard to vagueness claims, other courts have interpreted the words "to engage in the busines of" as used in section 922(a)(1) to mean "more than one isolated sale or transaction." *United States v. Tarr*, 589 F.2d 55, 59 (1st Cir.1978); *see also United States v. Huffman*, 518 F.2d 80, 81 (4th Cir.), *cert. denied*, 423 U.S. 864, 96 S.Ct. 123, 46 L.Ed.2d 92 (1975).

The record discloses that Durrani has worked as a principle in a business, Merex, Inc., which manufactures and sells parts (apparently including arms components) to the United States government, as well as exports those goods. Certainly, an ordinary citizen should be held to understand the common meaning attributed to the words that clearly express the conduct proscribed by section 2778(b). It is disengenuous for a man of Durrani's relative sophistication in the field of arms export to claim the statute is vague either facially or as applied. *See United States v. Swarovski*, 592 F.2d 131, 133 (2d Cir.1979) (While re-

viewing for vagueness a related regulatory provision, the court recognized that it was "aimed at a small and relatively sophisticated group of persons."); *Cf. Papachristou,* 405 U.S. at 162–63, 92 S.Ct. at 843 (those not in business and not alerted to regulatory schemes held to a lower standard).

Accordingly, the motion with regard to vagueness is DENIED.

### B. Multiplicity

Defendant next claims that because Count Three depends solely on allegations that will be raised in connection with Counts One and Two, it essentially charges a single offense in two counts. Accordingly, he argues, the doctrine of multiplicity compels the Court to either dismiss the Count or consolidate it with Counts One and Two. The argument is not persuasive.

Multiplicity is "the charging of a single offense in more than one count." *United States v. Israelski,* 597 F.2d 22, 24 (2d Cir.1979). The doctrine is premised on the double jeopardy clause of the fifth amendment and is intended to protect "against multiple punishments for the same offense," *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969), as well as improper jury prejudice that may result from the suggestion that the defendant has "committed not one but several crimes." *United States v. Reed,* 639 F.2d 896, 904 (2d Cir.1981).

██ The appropriate test for multiplicity is first, whether each "provision requires proof of a fact that the other does not" (hereinafter *"Blockburger* test"). *United States v. Khalje,* 658 F.2d 90, 92 (2d Cir.1981), *citing, Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *see, e.g., Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). Both Count One and Count Two require the government to prove that the defendant exported certain munitions components without first obtaining the proper export license. Count Three, however, requires proof that the defendant engaged in the business of exporting certain defense articles without registering with the Office of Munitions Control. This scheme would permit the prosecution of one under Count Two who was properly registered as one engaged in the business of exporting the items designated in the statute, yet who failed to obtain the proper export license before actually shipping or attempting to ship certain goods. *See* 22 U.S.C. § 2778; *Cf. Kahjle,* 658 F.2d at 92.

Where, as here, the offenses charged are set forth in distinct sections of a statute, the Court must next determine whether Congress intended to authorize punishment under each provision. *United States v. Marrale,* 695 F.2d 658, 662 (2d Cir.1982), *cert. denied,* 460 U.S. 1041, 103 S.Ct. 1434–35, 75 L.Ed.2d 793 (1983). The *Blockburger* test having been satisfied, it may be presumed that multiple punishments are authorized. *Id.; Albernaz,* 450 U.S. at 337–40, 101 S.Ct. at 1141–42. Counsel has not cited any contrary congressional intention disclosed by the legislative history of the Act that might rebut this presumption.

Accordingly the defendant's multiplicity claim must fail.

### C. Venue

Durrani claims that venue here is improper because his phone, offices and mailing address were in California, and therefore he was engaged in business in California, and not in this District. This claim is devoid of merit.

██ The proper venue for Count Three may be determined by reference to Title 18, United States Code, section 3237(a). Since Count Three involves the alleged transportation of defense articles in foreign commerce, it appears to be a "continuing offense" and would require only that the commerce move through this District. 18 U.S.C. § 3237(a). Furthermore, although the defendant may have conducted some business in California, he is also alleged to have conducted business in Connecticut. If the offense was committed in more than one district, the offense may be prosecuted in any one of the districts that the offense was "begun, continued, or completed." *Id.* Under either theory, the Court is persuaded that venue properly lies in the District of Connecticut.

*III. Motion For Production of Grand Jury Transcripts*

The defendant has moved the Court for production of the entire transcript of all grand jury proceedings during January and February that relate to the charges in the instant case.

 In order to overcome the veil of secrecy that enshrouds grand jury proceedings, *see* Rule 6(e) Fed.R.Crim.P., the defendant has the burden of showing that a "particularized need" exists to obtain particular material which outweighs the concern for secrecy. *See, e.g., Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979). At this juncture the defendant merely speculates that there may have been improprieties in the grand jury proceedings, and concedes at the same time that "there is at present no sound basis for advancing such a motion" (Def.Br. at 1). This type of conjecture certainly does not meet the burden necessary to justify disclosure. *See, e.g., United States v. Wilson,* 565 F.Supp. 1416, 1436 (S.D.N.Y.1983) (Weinfeld, J.) ("speculation and surmise as to what occurred before the grand jury is not a substitute for fact").

Accordingly, the motion to disclose the requested materials is DENIED.

*IV. Renewed Motion For Bail*

Once again, the defendant moves the Court to set reasonable conditions of bail. In several previous rulings the Court has made clear its position on the issue of bail. Again the defendant has failed to make a showing why the Court should deviate from the earlier rulings.

Accordingly, the motion is DENIED.

### CONCLUSION

For the foregoing reasons the defendant's motions are DENIED.

It is SO ORDERED.

