21-6151-ag
Nemis v. Garland

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand twenty-four.

PRESENT:  BARRINGTON D. PARKER,
              RAYMOND J. LOHIER, JR.,
              MICHAEL H. PARK,
                *Circuit Judges.*

-----------------------------------------------------------------

SANNY MONTEFAR NEMIS,

     *Petitioner,*

    v.                                     No. 21-6151-ag

MERRICK B. GARLAND,
UNITED STATES ATTORNEY GENERAL,

     *Respondent.*

-----------------------------------------------------------------

FOR PETITIONER:                    MATTHEW L. GUADAGNO, Law
                                   Office of Matthew L.
                                   Guadagno, New York, NY

FOR RESPONDENT:                    CRAIG A. NEWELL, JR., Senior
                                   Litigation Counsel (Brian M.
                                   Boynton, Principal Deputy
                                   Assistant Attorney General,
                                   Lindsay B. Glauner, Senior
                                   Litigation Counsel, *on the brief*),
                                   United States Department of
                                   Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals (BIA) decision, it is hereby ORDERED, ADJUDGED, AND DECREED that this petition for review is GRANTED and the matter is REMANDED for further proceedings.

Petitioner Sanny Nemis seeks review of a final order of removal issued by the BIA. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to grant the petition for review.

Nemis was convicted of conspiracy to commit an offense against the United States under 18 U.S.C. § 371 by submitting certain immigration documents in violation of 18 U.S.C. § 1546(a). The BIA affirmed the Immigration Judge's findings after determining that Nemis's crime of conviction qualified as a

crime involving moral turpitude (CIMT).  *Matter of Nemis*, 28 I. & N. Dec. 250, 259

(BIA 2021).  The BIA affirmed the discretionary denial of cancellation of removal

under 8 U.S.C. § 1229b(a) and ordered Nemis's removal from the United States

under 8 U.S.C. § 1182(a)(2)(A)(i)(I).  *Id.* at 260–61.  Nemis disputes that his

conviction was a CIMT and now petitions for review of the BIA's removal order.

We review the BIA's conclusion *de novo*.  *See Gill v. INS*, 420 F.3d 82, 89 (2d Cir.

2005).

To determine whether a petitioner was convicted of a CIMT, we apply the

categorical approach and look to whether the "criminal category must by

definition, and in all instances, contain each of those elements that constitute a

CIMT."  *Id.*  If a statute is divisible – that is, if it "sets out one or more elements of

the offense in the alternative and thereby defines multiple crimes" – we apply a

"modified" categorical approach.  *Giron-Molina v. Garland*, 86 F.4th 515, 519 (2d

Cir. 2023) (quotation marks omitted).  This approach "permits us to review a

limited class of documents from the record of conviction to determine which of

the alternate offenses was the crime of conviction that serves as the alleged

CIMT."  *Id.* at 520 (quotation marks omitted).  The indictment is one of the

documents we may review.  *Id.*

There is no dispute on appeal that § 371 is divisible and that the modified approach applies to this case. Our review of the record documents underlying Nemis's prior conviction reveals that he was convicted of conspiring to violate § 1546(a). Section 1546(a), which contains four paragraphs, is itself divisible because at least two of its paragraphs define distinct offenses. Paragraph three targets:

> Whoever, when applying for an immigrant or nonimmigrant visa, permit, or other document required for entry into the United States, or for admission to the United States personates another, or falsely appears in the name of a deceased individual, or evades or attempts to evade the immigration laws by appearing under an assumed or fictitious name without disclosing his true identity, or sells or otherwise disposes of, or offers to sell or otherwise dispose of, or utters, such visa, permit, or other document, to any person not authorized by law to receive such document[.]

18 U.S.C. § 1546(a). While paragraph four targets:

> Whoever knowingly makes under oath, or as permitted under penalty of perjury under section 1746 of title 28, United States Code, knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document which contains any such false statement or which fails to contain any reasonable basis in law or fact[.]

*Id.* Paragraph three "clearly requires proof of a fact that [paragraph four] does not, namely false identity, while [paragraph four] requires proof of knowing

4

presentment of a false statement in an immigration document." *United States v. Khalje*, 658 F.2d 90, 92 (2d Cir. 1981).

Nemis was charged with and ultimately convicted of violating only paragraph four. In charging Nemis under paragraph four, the Government clearly "select[ed] the relevant element from its list of alternatives" within § 1546(a). *Descamps v. United States*, 570 U.S. 254, 272 (2013).

With this in mind, we focus on whether the BIA applied the correct framework in considering whether violating paragraph four of § 1546(a), the relevant crime of conviction in this case, qualifies as a CIMT. Defendants can be convicted under paragraph four for: (1) knowingly making under oath or subscribing as true a false statement of material fact in a document required by immigration laws or related regulations, or (2) knowingly presenting a document required by immigration laws or related regulations that lacks "any reasonable basis in law or fact." 18 U.S.C. § 1546(a). Here, the BIA determined that Nemis's "conduct is inherently dishonest and fraudulent" and thus constitutes a CIMT because he "knowingly prepar[ed] and submit[ted] fraudulent visa applications . . . so that others would receive nonimmigrant visas for which they were ineligible." *Matter of Nemis*, 28 I. & N. Dec. at 258. This misconstrues the

5

approach to determining whether a crime of conviction is a CIMT. It is not the specific "factual circumstances surrounding any particular violation" that determine whether an offense qualifies as a CIMT. *Jang v. Garland*, 42 F.4th 56, 59 (2d Cir. 2022) (quotation marks omitted). Instead, the BIA should have considered the "intrinsic nature of the offense," looking to the minimum conduct necessary to satisfy the elements of the statute or statutory subdivision of conviction. *Id.* (quotation marks omitted); *see Giron-Molina*, 86 F.4th at 519.

We do not decide whether a conviction under the fourth paragraph of 18 U.S.C. § 1546(a) is categorically a CIMT. Rather, we grant Nemis's petition and remand for the BIA to reconsider his case in view of the proper legal test delineated above.

We have considered the Government's remaining arguments and conclude that they are without merit. For the foregoing reasons, the petition for review is GRANTED and the matter is REMANDED to the BIA for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6